Bryan W. Henry City Attorney Tallahassee
QUESTION:
Must property proposed to be annexed under s. 171.044, F. S. (voluntary annexation), meet the requirements set forth in s.171.043, F. S.?
SUMMARY:
The standards or characteristics set forth in s. 171.043, F. S., are not required to be met by property, the voluntary annexation of which is proposed by petition of the property owner or owners pursuant to s. 171.044, F. S.
Section 171.043, F. S., begins:
 A municipal governing body may propose to annex an area only if it meets the general standards of subsection (1) and the requirements of either subsection (2) or subsection (3). (Emphasis supplied.)
This language appears on its face to refer to that form of annexation (involuntary) which is proposed by ordinance of the municipality (under s. 171.0413, F. S.). In s. 171.0413(1), F. S., it is provided in pertinent part:
 An ordinance proposing to annex an area of contiguous, compact, unincorporated territory shall be adopted by the governing body of the annexing municipality pursuant to the procedure for the adoption of a nonmergency ordinance established by s. 166.041. (Emphasis supplied.)
The emphasized language from s. 171.0413 indicates that involuntary annexation is proposed by the municipal governing body (by ordinance). The above-quoted provision is followed by the requirement and procedures for referendum approval. Section171.042(1)(b), F. S., provides:
 (1) Prior to commencing the annexation procedures under s. 171.0413, the governing body of the municipality shall prepare a report setting forth the plans to provide urban services to any area to be annexed, and the report shall include the following:
 (b) A statement certifying that the area to be annexed meets the criteria in s. 171.043. (Emphasis supplied.)
 There is no mention in s. 171.042, F. S., of annexation carried out under s. 171.044, F. S. (voluntary annexation), nor is there any requirement that the prerequisites of s. 171.042 (which incorporates the standards or characteristics of s. 171.043, F. S.) be complied with as a prerequisite to annexation under s. 171.044. There is, similarly, no reference in s. 171.044 to either s. 171.043 or s. 171.042. Following the 1974 Legislature's revision of Ch. 171, F. S., by Ch. 74-190, Laws of Florida, s. 171.044 contained an express reference to `real property in an unincorporated area which meets the standards of s. 171.042 . . . .' (Emphasis supplied.) I observed in AGO 075-66 that there was evidence to suggest that the reference in s. 171.044 to `the standards of s. 171.042' might have been the result of a drafting error and that the 1974 Legislature may have intended to refer to the standards in s. 171.043. However, in 1975, subsequent to my observation in AGO 075-66, the Legislature enacted Ch. 75-297, Laws of Florida, which simply deleted from s. 171.044
any reference to s. 171.042 and did not add any reference to s. 171.043. And, in amending various provisions of Ch. 171, F. S. (including s. 171.044), on at least two occasions since 1975, the Legislature has not inserted in s. 171.044 any reference to s. 171.043, nor has it reinserted in s. 171.044
the former reference to s. 171.042.
 As shown above, s. 171.043 — irrespective of s. 171.042 — begins by stating that `[a] municipal governing body may propose to annex an area only if . . . .' Under s. 171.044, F. S., it seems clear that voluntary annexation is proposed by the petition of the property owners, rather than by the ordinance which the governing body enacts if it accedes to the petition of the property owners. Section 171.044(1), F. S., provides:
 The owner or owners of real property in an unincorporated area of a county which is contiguous to a municipality and reasonably compact may petition the governing body of said municipality that said property be annexed to the municipality. (Emphasis supplied.)
That it is the property owners' petition referred to above which proposes voluntary annexation under s. 171.044 is made even more apparent by subsection (2) of s. 171.044, F. S., which provides in pertinent part:
 Upon determination by the governing body of the municipality that the petition bears the signatures of all owners of property in the area proposed to be annexed [proposed by the petition], the governing body may, at any regular meeting, adopt a nonemergency ordinance to annex said property and redefine the boundary lines of the municipality to include the said property. (Emphasis supplied.)
Therefore, it is my opinion that the standards or characteristics set forth in s. 171.043, F. S., are required to be met only when involuntary annexation is proposed by ordinance of a municipal governing body under s. 171.0413, F. S., and the only conditions clearly imposed on voluntary annexation under s. 171.044, F. S., are those which are contained in s. 171.044 (i.e., that the property be contiguous and reasonably compact, and that the municipal governing body establish the sufficiency of the property owners' petition and comply with the stated notice requirements). As these certain conditions or prerequisites are expressly set forth in s. 171.044, I must apply the rule of construction that, where the Legislature expressly includes certain requirements in a statute, other requirements not expressly included are impliedly excluded from the operation of that statute. Thayer v. State,335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341,342 (Fla. 1952). Your question is answered in the negative.
Prepared by: Jerald S. Price, Assistant Attorney General