The Honorable Wallace E. Orr Secretary Department of Labor and Employment Security The Berkeley Building Suite 206 2590 Executive Center Circle, East Tallahassee, Florida 32301
Dear Secretary Orr:
This is in response to your request for an opinion on substantially the following question:
 WHETHER RECORDS OF STUDENTS ENROLLED IN PROGRAMS FUNDED UNDER THE FEDERAL JOB TRAINING PARTNERSHIP ACT ARE EXEMPT FROM PUBLIC DISCLOSURE PURSUANT TO s 228.093, F.S. (1984 SUPP.), OR ANY OTHER APPLICABLE STATE LAW?
According to your letter, the Department of Labor and Employment Security, Division of Labor, Employment and Training is responsible for the administration of grants and programs awarded throughout the state and funded pursuant to the federal Job Training Partnership Act (JTPA). These programs are implemented in many cases through public educational institutions such as vocational-technical centers and community colleges. The public educational institutions maintain records on the participants in the JTPA program. You state in your letter that the records are usually created and maintained by regular employees of the public educational institutions who have been assigned to the JTPA project. While some of the records are strictly for JTPA purposes, they are made a part of the student-participant records and are in the possession of the public educational institution.
In supplemental correspondence with this office you state that the records in question of the public educational institutions include JTPA applications which contain information necessary to determine eligibility under JTPA such as name, address, date of birth, race, social security number, number in household and their relation to the applicant, number and ages of dependents, annualized family income, annualized income of applicant, other income from investments, employment history, education and training. You go on to state that "[t]he application also solicits information as to whether the applicant is a recipient of state or federal grants such as aid to dependent children, unemployment compensation, and social security and whether the applicant is an ex-offender, veteran, handicapped, a seasonal farmworker or migrant, and inquires as to the applicant's English speaking ability. The latter information is sought because, under JTPA, special service activities can be provided only to certain groups of persons." Further, during a student's participation in the program other records are created which go into the student's school record such as school admission applications, grade reports, progress reports, career and personal counseling records and other information which routinely go into a student's school record. The issue as to whether the records of those students are exempt from disclosure is of great importance to the Division because records of JTPA participants need to be examined by state and federal auditors to determine eligibility of enrollees and program operations. If the records in question are not accessible, the entire subgrant could be subject to an audit exception.
Access to student records is controlled by s 228.093, F.S. (1984 Supp.), which in pertinent part of subsection (3)(d), states:
 Right of privacy. — Every pupil or student shall have a right of privacy with respect to the educational records kept on him. No state or local educational agency, board, public school, area vocational-technical center, community college, or institution of higher education in the State University System shall permit the release of personally identifiable records or reports of a pupil or student, or of any personal information contained therein, without the written consent of the pupil's or student's parent or guardian, or of the pupil or student himself if he is qualified as provided in this subsection, to any individual, agency, or organization. . . .
Section 119.07(3)(b), F.S. (1984 Supp.), exempts those public records referred to in s 228.093 from the disclosure and inspection requirements of s 119.07(1). Section 228.093(2)(a), F.S. (1984 Supp.), defines records to mean any and all official records, files and data directly related to pupils and students which are created, maintained and used by public educational institutions. Materials considered part of a student's record include identifying data. Id. Excluded from this definition of records is directory information which is defined by s 228.093(2)(c) to include:
 "Directory information" includes the pupil's or student's name, address, telephone number if it is a listed number, date and place of birth, major field of study, participation in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, degrees and awards received, and the most recent previous educational agency or institution attended by the pupil or student.
Some but not all of the information needed by your office to determine eligibility under the JTPA program is excluded from the definition of records and therefore is not subject to the restrictions on access contained in that statute. However, the problem remains for the rest of the information that is necessary to properly perform the audit function. Any student record information not excluded from the definition of "records" provided by s 228.093(2)(e), F.S. (1984 Supp.), would appear to be covered by the confidentiality provisions of that statute. Access to information falling within the definition of student "records" would be limited to certain enumerated individuals and agencies. See, subsection (3)(d) of s 228.093. Auditors for the Department of Labor and Employment Security do not appear to be within one of the enumerated classes of individuals or agencies to which personally identifiable records or reports of a student may be released. Absent written consent of the student or his parent or guardian, personally identifiable records or reports of that student can only be released to those persons and entities enumerated in the statute. See, AGO's 81-8 and 81-78.
However, if such information is necessary to determine eligibility under the JTPA program, I am of the opinion that the student could properly be required to supply certain information in order to retain eligibility for the JTPA grants and programs. It is my further opinion that the rights provided students in subsection (3)(b) would not necessarily preclude such a requirement. Subsection (3)(b) provides that a "parent, guardian, pupil, or student shall have the right to waive the right of access to letters or statements of recommendation or evaluation. . . ." (e.s.) This provision goes on to state, however, that "[s]uch waivers may not be required as a condition for admission to, receipt of financial aid from, or receipt of any other services or benefits from, any public agency or public educational institution in this state." Information sought and needed by the department in order to perform its audit functions which does not include "letters or statements of recommendation or evaluation" may properly be required by the department to be supplied by the participant to determine eligibility. The statutory rule of construction expressio unius est exclusio alterius, the express mention of one thing in a statute implies the exclusion of other things not mentioned, would appear to be applicable to this provision. See, Thayer v. State, 335 So.2d 815 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944). Since the Legislature has expressly mentioned the types of records, "letters or statements of recommendation or evaluation," to which the limitation on waivers applies other types of information not mentioned would be excluded from such a restriction. Thus, while a JTPA student cannot be compelled to waive the right of access to "letters or statements of recommendation or evaluation," as a condition for receipt of financial aid from any public agency, other information necessary to determine eligibility under the JTPA may be properly required.
In AGO 81-8, this office concluded that s 228.093, F.S., prohibits state educational officials from releasing a student's social security number from student files to the Auditor General without the written consent of the student's parent or guardian, or of the student if he or she is qualified. That opinion went on to recommend legislative amendment of the statute to permit the Auditor General access to student records to properly perform his audit. Chapter 81-201, Laws of Florida, amended s 228.093, F.S., inter alia, to permit the release of student records to the Auditor General in connection with his official functions. The release of student records is also regulated by federal law for state educational programs receiving federal funds. See,20 U.S.C. § 1232g(b)(1), which provides that no funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of educational records or personally identifiable information contained in such records, other than directory information, of students without the written consent of their parents to any individual, agency or organization except as provided therein. Subsection (b)(1)(D), however, permits the release of such educational records "in connection with a student's application for, or receipt of, financial aid." And see,20 U.S.C. § 1232g(b)(5), which provides that "[n]othing in this section shall be construed to prohibit State and local educational officials from having access to student or other records which may be necessary in connection with the audit and evaluation of any federally or State supported education program. . . ." Thus, federal regulations do not appear to preclude access to such JTPA student records necessary to perform an audit to determine eligibility under the program. However, the Legislature may wish to examine this issue since the problem of auditing student records under federal and state funded educational programs would appear to be a recurrent one which may indicate the need for statutory amendment.
In conclusion, it is therefore my opinion that, until and unless judicially determined to the contrary, records maintained by public educational institutions on participants under the Federal Job Training Partnership Act are not subject to disclosure and cannot be released without the written consent of the student's parent or guardian or of the student if he or she is qualified. However, the Department of Labor and Employment Security may require the student or parent or guardian of the student to release such student records, with the exception of letters or statements of recommendation or evaluation, as is necessary to perform audit functions to determine eligibility under the JTPA program.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General