Mr. James R. English City Attorney City of Tallahassee City Hall Tallahassee, Florida 32301
Dear Mr. English:
This is in response to your request for an Attorney General's Opinion. Your question may substantially be restated as follows:
 MAY A FINE AGAINST A PROPERTY OWNER IMPOSED BY A MUNICIPAL CODE ENFORCEMENT BOARD FOR NONCOMPLIANCE WITH CITY CODES CONTINUE TO RUN AFTER A LIEN HAS BEEN RECORDED IN THE PUBLIC RECORDS SUCH THAT THE ORIGINAL LIEN MAY BE AMENDED TO INCLUDE ANY PORTION OF THE FINE WHICH ACCUMULATES AFTER THE LIEN IS FILED?
Your letter states that an enforcement problem exists in that a significant number of property owners fail to bring their properties into compliance even after a lien has been imposed and recorded. You state that it is possible for a relatively small fine to have accumulated to the date of the lien filing, leaving the board no reasonable method for capturing any portion of the fine accruing after the date the lien is filed. According to your letter, counsel for the code enforcement board has advised the board that a lien may only be imposed for the amount of the fine which has accumulated to the date of filing the lien. The city, however, has taken the position that a fine may continue to run after the date of the lien filing and that the original lien may be amended to cover any portion of the fine which accumulates after the filing of the lien.
Chapter 162, F.S., the "Local Government Code Enforcement Boards Act," provides for the creation by counties and municipalities, at their option, of quasi-judicial administrative boards as provided in Ch. 162 to enforce, "the codes and ordinances, which have no criminal penalty, in force [therein] . . . where a pending or repeated violation continues to exist, including but not limited to, occupational license, fire, building, zoning, and sign codes." Section 162.01 and s. 162.02, F.S. The enactment of this chapter was necessary for creation of administrative enforcement procedures and the imposition of administrative fines by local governing bodies in light of the provisions of s. 1, Art. V, and s. 18, Art. I, State Const., which respectively provide that commissions established by law or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices, and that no administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law.
The "Local Government Code Enforcement Boards Act" grants to the governing bodies of local governments the option of creating or abolishing by ordinance such boards having the powers and duties provided by the act. However, if a local governing body utilizes the enforcement mechanism and procedures provided for in Ch. 162, it must accept the prescribed enforcement boards and the enforcement procedures as set forth in the act. Chapter 162 does not delegate the Legislature's exclusive power to fix or provide for administrative penalties or the costs or prosecution of the legislatively prescribed enforcement procedures or the collection of such penalties or costs. Thus, a local government or its governing body derives no delegated authority from Ch. 162 to enforce its codes in any manner other than as provided in that chapter. Further, municipalities derive no home rule power from s. 2(b), Art. VIII, State Const., or s. 166.021, F.S., to regulate the code enforcement boards or to impose any duties or requirements on such boards or to otherwise regulate the statutorily prescribed enforcement procedure. See, AGO's 85-84, 85-27, 85-17 and 84-55.
Section 162.09, F.S., providing for imposition of administrative fines and liens, was amended by s. 2, Ch. 85-150, Laws of Florida, effective July 1, 1985. This section now reads as follows:
 The enforcement board, upon notification by the code inspector that a previous order of the enforcement board has not been complied with by the set time or, upon finding that the same violation has been repeated by the same violator, may order the violator to pay a fine not to exceed $250 for each day the violation continues past the date set for compliance. A certified copy of an order imposing a fine may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists or, if the violator does not own the land, upon any other real or personal property owned by the violator; and it may be enforced in the same manner as a court judgment by the sheriffs of this state, including levy against the personal property, but shall not be deemed to be a court judgment except for enforcement purposes. After 6 months from the filing of any such lien which remains unpaid, the enforcement board may authorize the local governing body attorney to foreclose on the lien. No lien created pursuant to the provisions of this chapter may be foreclosed on real property which is a homestead under s. 4, Art. X, of the State Constitution. (Underlined portions represent 1985 amendments.)
Thus, a violator may be ordered by the enforcement board to pay a fine not in excess of $250.00 daily if the violation continues past the date set for compliance upon notification by the code inspector that a previous order of the enforcement board has not been complied with by the set time or upon finding that the same violation has been repeated by the same violator. And see, s.162.07, F.S., which provides that at the conclusion of an enforcement board hearing, the board shall issue findings of fact based on evidence of record and conclusions of law, and shall issue an order affording the proper relief consistent with the powers granted in Ch. 162, F.S.
In AGO 85-84, I opined that s. 162.09, F.S., appears to contemplate a separate finding be made by the code enforcement board that the same violation has been repeated by the same violator prior to the imposition of a fine for each day the repeated violation continues past the date set for compliance. No other procedure is contemplated or authorized by Ch. 162, F.S., for pending or repeated violations. It is the rule that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way. See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Thayer v. State,335 So.2d 815 (Fla. 1976). Thus in AGO 85-84 it was concluded that a municipal code enforcement board is not authorized to issue an order which demands compliance with a city technical code provision within a 30 day period and which specifically requires that if the violator is in noncompliance at any time within one year or other reasonable time period from the date of the board's original order, the board shall meet again only to certify a fine for the time period which the violator was in noncompliance with the board's prior order. This office was of the opinion that the enforcement board must make a finding that the same violation has been repeated by the same violator before a fine for each day the repeated violation occurred past the date set for compliance may be imposed by the board.
Chapter 162, F.S., therefore contains no authorization or provision for the continuation of a fine against property in noncompliance with city codes following the entering of a lien against such property such that the original lien may be amended to cover any portion of the fine which accumulates after the filing of the lien. On the contrary, s. 162.09, F.S., authorizes the entry of a fine upon notification that a previous order of the enforcement board has not been complied with by a set time or upon a finding that the same violation has been repeated by the same violator. Section 162.09, F.S., thus requires a separate finding by the code enforcement board that a violation has been repeated by the same violator before it may impose a fine for each date the repeated violation continues past the date set for compliance. Thus, while a lien may be recorded for a fine imposed for a repeated violation by the same person, such a lien is distinct from a lien filed for a fine imposed when the original order of the enforcement board is not complied with. Cf., Thayer v. State, supra, at 817; Dobbs v. Sea Isle Hotel, supra, at 342; Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944). No provision of Ch. 162, provides for or authorizes the amendment of the lien imposed for failure to comply with the board's original order to include the fine imposed by the board for repeated violations.
In sum, it is my opinion that unless and until judicially or legislatively determined otherwise, a municipality or municipal code enforcement board is not authorized to provide for the continued running of a fine against a property owner for noncompliance with city codes after a lien has been recorded against such property or upon other real or personal property owned by the same violator or to authorize the amendment of the original lien to include any portion of the fine accumulating after the lien is filed.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General