Mr. Stephen Stratford City Attorney City of Jacksonville Beach Suite 2508 Gulf Life Tower Jacksonville, Florida 32207 Attention: Mr. Mark M. Arnold Assistant City Attorney
Dear Mr. Stratford:
This is in response to your request for an Attorney General's Opinion on substantially the following questions:
 1. MAY A CODE ENFORCEMENT BOARD SET THE FINE FOR NONCOMPLIANCE AT THE TIME AN ORDER IS ENTERED REQUIRING COMPLIANCE WITH A MUNICIPAL ORDINANCE?
 2. MAY A CODE ENFORCEMENT BOARD AT THE TIME AN ORDER IS ENTERED REQUIRING COMPLIANCE SET A FINE FOR ANY SUBSEQUENT RECURRING VIOLATION COMMITTED BY THE SAME VIOLATOR?
 3. MAY PROPER SERVICE OF NOTICE OF A HEARING OF THE CODE ENFORCEMENT BOARD BE OBTAINED BY POSTING THE PROPERTY WHERE THE VIOLATION OCCURS AND BY POSTING SAID NOTICE IN A CONSPICUOUS PLACE IN CITY HALL AT LEAST FIVE (5) WORKING DAYS PRIOR TO THE DATE OF THE HEARING IF THE METHODS OF SERVICE SET FORTH IN s. 162.12, F.S. HAVE FAILED?
Chapter 162, F.S., known as the "Local Government Code Enforcement Boards Act," authorizes counties and municipalities, at their option, to create administrative boards for the purpose of providing "an equitable, expeditious, effective, and inexpensive method of enforcing the codes and ordinances . . . in force in counties and municipalities. . . ." Sections 162.02 and 162.03, F.S., as amended by ss. 1 and 2, Ch. 86-201, Laws of Florida. Such technical codes include, but are not limited to, occupational license, fire, building, zoning and sign codes.
You state that some ambiguity has arisen regarding the enforcement procedures of Ch. 162 and you have accordingly requested an opinion of this office on the questions set forth above.
QUESTION ONE
Your first question raises the issue of whether the Code Enforcement Board may at the time it enters its initial order finding a code violation and requiring compliance by a certain date also set the fine or whether the board must wait until the next regular scheduled meeting to assess a fine.
Section 162.06, F.S., as amended by s. 5, Ch. 86-201, Laws of Florida, sets forth the enforcement procedure for a code violation, providing in pertinent part:
 (2) Except as provided in subsection (3), if a violation of the codes is found, the code inspector shall notify the violator and give him a reasonable time to correct the violation. Should the violation continue beyond the time specified for correction, the code inspector shall notify an enforcement board and request a hearing. The code enforcement board, through its clerical staff, shall schedule a hearing, and written notice of such hearing shall be hand delivered or mailed as provided by this chapter to said violator. If the violation is corrected and then recurs, the case shall be presented to the enforcement board even if the violation has been corrected prior to the board hearing, and the notice shall so state.
Cf., s. 162.06(3), F.S., as amended, which provides that if the code inspector has reason to believe a violation presents a serious threat to the public health, safety, and welfare, the code inspector shall make a reasonable effort to notify the violator and may immediately notify the enforcement board and request a hearing. Thus, the statute provides that, in most instances, proper notice shall be given to the code violator, allowing him the opportunity to correct the violation; if the violation is not corrected within the specified time, the matter is then brought before the code enforcement board for a hearing.
Section 162.07, F.S., as amended by s. 6, Ch. 86-201, Laws of Florida, sets forth the conduct of the hearing. See, e.g., s.162.07(3), which, among other things, provides: "All testimony shall be under oath and shall be recorded. The enforcement board shall take testimony from the code inspector and alleged violator. Formal rules of evidence shall not apply, but fundamental due process shall be observed and shall govern the proceedings." Subsection (4) of s. 162.07 goes on to provide:
 At the conclusion of the hearing, the enforcement board shall issue findings of fact, based on evidence of record and conclusions of law, and shall issue an order affording the proper relief consistent with powers granted herein. The finding shall be by motion approved by a majority of those members present and voting, except that at least four members of the enforcement board must vote in order for the action to be official. The order may include a notice that it must be complied with by a specified date, and that a fine may be imposed if the order is not complied with by said date. (e.s.)
Section 162.09, F.S., which authorizes administrative fines for code violations, was also amended by the 1986 Legislature. Section162.09, F.S., as amended by s. 8, Ch. 86-201, Laws of Florida, in pertinent part, now provides:
 Administrative fines; liens. — An enforcement board, upon notification by the code
 inspector that an order of the enforcement board has not been complied with by the set time or, upon finding that the same violation has been repeated by the same violator, may order the violator to pay a fine not to exceed $250 for each day the violation continues past the date set for compliance or for each time the violation has been repeated, and a hearing shall not be necessary for issuance of the order. (e.s.)
This statute now provides that after the code enforcement board has been notified by the code inspector that the order has not been complied within the time set for compliance or that the same violation has been repeated by the same violator, may order the violator to pay a fine up to the limits prescribed by the statute. Thus, the amended statute clearly contemplates that two separate orders must be entered before a fine can be assessed against a code violator. The first order shall be based upon findings of fact and may include a notice that if the order is not complied with by a specified date, a fine may be imposed. If the code inspector subsequently notifies the board that the order has not been complied with or the violation has been repeated, then the board may enter an order assessing a fine. However, the amended statute makes it clear that another hearing shall not be required for the issuance of the subsequent order setting the fine, thus providing an administratively streamlined procedure.
This office in previous opinions has concluded that the code enforcement board, as an administrative creature, created and operating pursuant to the authority set forth in Ch. 162, F.S., has only such authority as is set forth in the statutes pertaining to the board. See, AGO's 86-10, 85-84, 85-27, 85-17, and 84-55. If a municipality utilizes the enforcement mechanism and procedures provided in Ch. 162, F.S., it must accept the prescribed enforcement boards and the enforcement procedures set forth in the act. Therefore, a municipality derives no delegated authority from Ch. 162, F.S., to enforce its codes in any manner other than as provided in that chapter. And as stated in AGO 86-10, "municipalities derive no home rule power from s. 2(b), Art. VIII, State Const., or s. 166.021, F.S., to regulate the code enforcement boards or to impose any duties or requirements on such boards or to otherwise regulate the statutorily prescribed enforcement procedure." Thus, as stated above, the statute appears to contemplate that two separate orders will be issued: one ordering compliance and setting the date for compliance; the other ordering payment of the fine.
You also inquire whether the board can make the fine retroactive to the date compliance was originally ordered. Section 162.09, F.S., as amended, in relevant part, provides that the code enforcement board "may order the violator to pay a fine not to exceed $250 for each day the violation continues past the date set for compliance or for each time the violation has been repeated. . . ." This amended language makes it clear that the board can impose the fine from the date set for compliance or for each subsequent recurring violation up to the monetary limit allowed by the statute.
QUESTION TWO
The reasoning set forth in Question One is equally applicable to your second question. The new act, Ch. 162, F.S., as amended by Ch. 86-201, Laws of Florida, in my opinion, requires that two orders must be entered: the first order requiring compliance; the second order setting the fine. A second hearing, however, is not necessary for the imposition of the fine. Thus, upon notification by the code inspector that, although the violation was corrected within the time specified in the initial order requiring compliance, the violation has been repeated, the code enforcement board may order the violator to pay a fine up to $250 for each repeated occurrence.
In AGO 85-84, this office concluded that Ch. 162, F.S., as amended by Ch. 85-150, Laws of Florida, did not authorize "a municipal code enforcement board, after an initial hearing, to issue an order which provides that if the violator is in noncompliance at any time within one year or other time period from the date of the board's original order, the board may meet again merely to certify a fine for the time period during which the violator was in noncompliance with the board's prior order." Instead s. 162.09, as it was then written, appeared to contemplate that a separate finding be made by the board "that the same violation has been repeated by the same violator prior to the imposition of a fine for each day the repeated violation continued past the date set for compliance." Attorney General Opinion 85-84. No other procedure was authorized for pending or repeated violations.
In 1986, the Legislature amended s. 162.09, F.S., to provide in relevant part, that a code enforcement board upon notification by the code inspector that an order of the board, has not been complied with by the set time or has been repeated by the same violator, "may order the violator to pay a fine not to exceed $250 for each day the violation continues past the date set for compliance or for each time the violation has been repeated, and a hearing shall not be necessary for issuance of the order." (Emphasis supplied reflects amended portion of statute). See, s. 8, Ch. 86-201, Laws of Florida. And see, s. 6, 162.07(4), F.S., as amended by s. 6, Ch. 86-201, supra, to include the following sentence: "The order may include a notice that it must be complied with by a specified date, and that a fine may be imposed if the order is not complied with by said date." These substantive amendments to Ch. 162, F.S., by Ch. 86-201, Laws of Florida, clarify the authority of a code enforcement board to impose a fine for repeated violations by the same violator and for violations continuing past the time set for compliance. Thus, a code enforcement board is authorized to impose a fine for repeated violations or violations continuing past the date set for compliance without the necessity of a separate hearing. Upon notification by the code inspector that the violation has been repeated, the code enforcement board may order the violator to pay a fine not to exceed $250 for each time the violation has been repeated.
QUESTION THREE
You inquire whether, after reasonable efforts have been made to serve notice by certified mail and by hand delivery, if proper service can be obtained by posting the property with said notice and posting said notice in a conspicuous place in City Hall. In AGO 85-84, this office was asked whether a municipal code enforcement board is authorized to post or publish notices required by Ch. 162, F.S., where the methods specified in the act are impossible or impractical. That opinion applied the principle of statutory construction, expressio unius est exclusio alterius, the express mention of one thing implies the exclusion of another; in other words, a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way. See, Thayer v. State, 335 So.2d 815, (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Alsop v. Pierce,19 So.2d 799 (Fla. 1944). Therefore, that opinion concluded that a code enforcement board was not authorized to use a method of delivering notice other than that prescribed in Ch. 162, F.S.
Section 162.12, F.S., pertaining to notices, was amended by s. 11, Ch. 86-201, Laws of Florida, to provide: "Notices. — All notices required by this act shall be by certified mail, return receipt requested, or by hand delivery by the sheriff or other law enforcement officer, code inspector, or other person designated by the local governing body."
The newly amended statute now permits the sheriff or other law enforcement officer or other person designated by the local governing body, in addition to the code inspector, to serve notice. The rationale and rule of statutory construction applied in AGO 85-84, however, would continue to be applicable in responding to your inquiry. Since posting notice on the property is not among these specifically enumerated methods of service of process, such method is not authorized by s. 162.12, F.S., as amended.
In conclusion, it is my opinion that Ch. 162, F.S., as amended by Ch. 86-201, Laws of Florida, does not authorize a code enforcement board to set a fine at the time an order is entered finding a code violation; however, the order may include a notice that it must be complied with by a specified date and that a fine may be imposed if the order is not complied with by said date. The enforcement board may order the violator to pay a fine up to $250 for each day the violation continues past the compliance date or for each time the violation has been repeated, and an additional hearing is not necessary for issuance of the order. The amended statute does not authorize notice to be served by posting the property and by posting the notice in a conspicuous place in City Hall as an alternative method of serving notice.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General