Mr. Spencer Gilbert City Attorney City of Port St. Lucie City Hall Plaza Port St. Lucie, Florida 33452 Attention: Mr. Joseph Masi Assistant City Attorney
Dear Mr. Gilbert:
This is in response to your request for an opinion on substantially the following question:
 MAY A MUNICIPALITY APPOINT ONE OR MORE INDIVIDUALS TO SERVE AS ALTERNATE MEMBERS OF A CODE ENFORCEMENT BOARD, IN ADDITION TO THE BOARD'S SEVEN REGULAR MEMBERS?
Chapter 162, F.S. (1986 Supp.), authorizes counties and municipalities to create quasi-judicial administrative code enforcement boards to provide an equitable, expeditious, effective, and inexpensive method of enforcing the codes and ordinances in force in counties and municipalities. Section162.02, F.S. (1986 Supp.). Section 162.03(1), F.S. (1986 Supp.), provides that "[e]ach county or municipality may, at its option, create or abolish by ordinance local government code enforcement boards as provided herein." (e.s.) See, AGO's 86-10, 85-84, 85-27, 85-17 and 84-55, concluding that a municipality or its governing body derives neither any delegated authority from Ch. 162 nor any home rule power from s. 2(b), Art. VIII, State Const., or s.166.021, F.S., to enforce its codes in any manner other than as provided in Ch. 162 or to regulate the code enforcement boards or to impose any duties or requirements on such boards or to otherwise regulate the statutorily prescribed enforcement procedure.
Section 162.05, F.S. (1986 Supp.), provides for the composition of and appointment procedures with respect to the code enforcement boards authorized to be created by ordinance by counties and municipalities pursuant to Ch. 162, F.S. (1986 Supp.). Specifically, s. 162.05(1), F.S. (1986 Supp.), provides that a local governing body "may appoint one or more seven-member code enforcement boards. . . ." (e.s.) Cf., s. 162.04(1), F.S. (1986 Supp.) ("local governing body" means governing body of county or municipality, however designated). Section 162.05(2), F.S. (1986 Supp.), specifically provides for the appointment of seven members of an initial board to staggered terms such that appointments thereafter shall be for terms of three years. That section further provides in pertinent part as follows:
 An appointment to fill any vacancy on an enforcement board shall be for the remainder of the unexpired term of office. If any member fails to attend two of three successive meetings without cause and without prior approval of the chairman, the enforcement board shall declare the member's office vacant; and the local governing body shall promptly fill such vacancy.
See also, s. 162.05(3) and (4), F.S. (1986 Supp.), providing for certain other duties and responsibilities of the members of a code enforcement board and further providing for legal counsel for a board and for representation of the municipality or county in the presentation of cases to a board.
Section 162.05, F.S. (1986 Supp.), does not provide for or authorize a county or municipality to appoint one or more individuals to serve as alternative members of a code enforcement board, in addition to the statutorily required seven members of such a board. Moreover, to the extent that s. 162.05(2), F.S. (1986 Supp.), specifically provides for a method of filling vacancies on a code enforcement board and imposes such responsibility on the local governing body to promptly fill a vacancy when such vacancy is declared by a code enforcement board, I am of the view that a municipality is not authorized by Ch. 162, F.S. (1986 Supp.), to anticipate such prospective vacancies by appointing one or more individuals to serve as alternate members of such a board. Such a procedure would appear to constitute a variance from the statutorily prescribed method of appointing members of code enforcement boards without authorization by statute. See, Alsop v. Pierce, 19 So.2d 799 (Fla. 1944), holding that a legislative direction as to the manner of doing a thing is an implied prohibition against its being done in any other manner. See also, Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952), and Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234
(Fla. 1944) (under rule of expressio unius est exclusio alterius, express legislative mention of a thing is implied exclusion of things not mentioned).
Therefore, unless and until legislatively or judicially determined otherwise, it is my opinion that a municipality is not authorized by law to appoint one or more individuals to serve as alternate members of a code enforcement board, in addition to the board's statutorily prescribed seven regular members.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General