Jeanne Philman Clerk for City of Fanning Springs
QUESTION:
Is the City of Fanning Springs authorized to pay a small salary to the members of the municipal code enforcement board who have been appointed by the city council pursuant to Ch. 162, F.S.?
SUMMARY:
Section 162.05(4), F.S., provides that members of local government code enforcement boards "shall serve without compensation" although provision is made for the reimbursement of travel, mileage, and per diem expenses. Therefore, the City of Fanning Springs is precluded from paying a salary to the members of its municipal code enforcement board.
From the information you have submitted and a subsequent conversation it appears that the City of Fanning Springs is concerned with retaining qualified members of its code enforcement board. Apparently, the city has determined that the members of the code enforcement board change with some regularity.
The City Council of Fanning Springs believes that the personnel changes in this agency may be related to the fact that no salary is currently provided for those appointed to the board. Therefore, the city council has requested that this office determine whether it has the authority to provide small salaries for the members of its municipal code enforcement board.
Chapter 162, F.S., authorizes counties and municipalities to create quasi-judicial administrative code enforcement boards to provide an equitable, expeditious, effective, and inexpensive method of enforcing the codes and ordinances in force in counties and municipalities.[1] Section 162.03(1), F.S., provides, in part, that "[e]ach . . . municipality may, at its option, create or abolish by ordinance local government code enforcement boards as provided herein."[2] (e.s.) A local government or its governing body derives no delegated authority from Ch. 162, F.S., to enforce its codes in any manner other than as provided in that chapter. Further, municipalities derive no home rule power from either constitutional[3]
or statutory[4] sources to regulate the code enforcement boards or the statutorily prescribed enforcement procedure.[5]
Section 162.05, F.S., provides for the composition of and appointment procedures for the code enforcement boards authorized to be created by local governments pursuant to Ch. 162, F.S. Pursuant to s. 162.05(4), F.S., "[m]embers [of the code enforcement board] shall serve without compensation, but may be reimbursed for such travel, mileage, and per diem expenses as may be authorized by the local governing body or as are otherwise provided by law."[6] In light of the specific prohibition against compensation of local government code enforcement board members, a municipality has no authority to act otherwise.[7]
Therefore, it is my opinion that the City Council of the City of Fanning Springs is not authorized to provide a small salary or other compensation to its appointed municipal code enforcement board members although it is authorized to reimburse board members for expenses incurred in such service. You may wish to contact your local legislative delegation to advise them of your experience with the statute and to request their assistance in addressing this problem.
[1] Section 162.02, F.S.
[2] See, AGO's 86-10, 85-84, 85-27, 85-17 and 84-55, concluding that a municipality or its governing body derives neither any delegated authority from Ch. 162, F.S., nor any home rule power from s. 2(b), Art. VIII, State Const., or s. 166.021, F.S., to enforce its codes in any manner other than as provided in Ch. 162, F.S., or to regulate the code enforcement boards or to impose any duties or requirements on such boards or to otherwise regulate the statutorily prescribed enforcement procedure.
[3] The constitutional provision implicated in municipal home rule is s. 2(b), Art. VIII, State Const. 
[4] See, s. 166.021, F.S., relating to municipal home rule.
[5] See, AGO's 85-84, 85-27, 85-17 and 84-55.
[6] Compare, s. 163.3174(3), F.S., which authorizes the appropriation of funds by local governments for salaries for local planning agency personnel.
[7] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976), and Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952), for the proposition that a legislative direction as to how a thing shall be done, it is, in effect, a prohibition against its being done in any other way.