56 So.2d 341 (1952)
DOBBS
v.
SEA ISLE HOTEL et al.
Supreme Court of Florida, Special Division A.
January 18, 1952.
Lucille Snowden, Miami, for appellant.
Goble D. Dean and Brown & Dean, Miami, and Wendell C. Heaton, Tallahassee, for appellees.
HOBSON, Justice.
Counsel for appellant very frankly confesses that her first question is intended to "present the facts of this cause and to try to convince this Court that their holding in Canada Dry Bottling Co. of Florida v. White, 153 Fla. 70, 13 So.2d 595, should be reversed." Although counsel has presented authorities from other jurisdictions which sustain the view contrary to the one *342 which we expressed in the case of Canada Dry Bottling Co. v. White, supra, we are not convinced that we should "dance the back step" in connection with our opinion therein. Indeed, upon a careful reconsideration of said case and a restudy of Chapter 440, F.S.A., and particularly Sections 440.02(18) and 440.19(1), we are firmly convinced that we should not recede from our opinion and judgment in the case of Canada Dry Bottling Co. v. White. supra, but should adhere thereto.
We fail to find in any one of the cases cited by counsel for appellant that the court of the foreign jurisdiction was dealing with a statute such as ours which by its own terms, in clear and unambiguous language, defines the phrase "time of injury" Section 440.02(18) reads as follows: "The term `time of injury' means the time of the occurrence of the accident resulting in the injury." Section 440.19(1) reads as follows: "The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within two years after the time of injury, and the right to compensation for death shall be barred unless a claim therefor is filed within two years after the death, except that if payment of compensation has been made without an award on account of such injury or death a claim may be filed within two years after the date of the last payment. Such claim shall be filed with the commission." (Emphasis supplied.)
Since the legislature in clear and unambiguous language has defined the expression "time of injury" to mean the time of the occurrence of the accident resulting in the injury, there is no room for us to theorize; nor are we authorized to place a different construction upon the term "time of injury" as used in Section 440.19 (1).
Counsel for appellant propounds another question which is stated by her in the following language: "Where the employer/carrier has failed to perform its statutory duty, and is subject to civil penalties under the compensation law, may it invoke the statute of limitations in bar of claimants rights?"
We are of the opinion that the answer to this question is likewise found in Chapter 440, F.S.A. and particularly in Section 440.19(1).
It is very clear that the legislature intended there should be but one exception to the provision that the right to compensation should be barred unless a claim therefor be filed within two years after the time of injury, which exception is clearly expressed in the following words: "except that if payment of compensation has been made without an award on account of such injury or death, a claim may be filed within two years after the date of the last payment." (Emphasis supplied). We have oft-times held that the rule "Expressio unius est exclusio alterius" is applicable in connection with statutory construction. This maxim, which translated from the Latin means: express mention of one thing is the exclusion of another, is definitely controlling in this case. The legislature made one exception to the precise language of the statute of limitations. We apprehend that had the legislature intended to establish other exceptions it would have done so clearly and unequivocally. We must assume that it thoroughly considered and purposely preempted the field of exceptions to, and possible reasons for tolling, the statute. We cannot write into the law any other exception, nor can we create by judicial fiat a reason, or reasons, for tolling the statute since the legislature dealt with such topic and thereby foreclosed judicial enlargement thereof.
The judgment of the Circuit Court of the Eleventh Judicial Circuit which affirmed the full Commission's order of May 31, 1951, is hereby affirmed.
SEBRING, C.J., and CHAPMAN and THOMAS, JJ., concur.