QUESTION: Is an insurance company or an insurance agent licensed by the state required also to obtain an occupational license from the county tax collector pursuant to Ch. 205, F.S.?
SUMMARY: Chapter 624, F.S., preempts the field of occupational license taxation of insurers, their agents and representatives. A county may not require of insurance agents and solicitors an occupational license tax pursuant to Ch. 205, F.S., in addition to the county license tax imposed by Ch. 624 and collected for the county by the state. A municipality may exact an occupational license tax from insurance agents and solicitors pursuant to either s. 624.507 or s. 205.042. The state has preempted the licensing of insurers and neither counties nor municipalities may impose an occupational license tax on insurers. AGO's 059-247, 060-121, and 073-162 are superseded to the extent they are inconsistent with this opinion. Your question is answered in the negative. Section 205.032, F.S., provides that a county may impose "an occupational license tax for the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction." However, Ch. 624, F.S., preempts generally the regulation and licensing of insurance companies and insurance agents. Section 624.501 provides for licensing of insurance companies and insurance agents and in pertinent part sets forth the following license tax schedule for insurers and agents of all types of insurance: !mbr732!x (3) Annual license tax of insurer, each domestic, foreign and alien insurer (provided, however, as to fraternal benefit societies insuring less than two hundred members in this state and whose members as a prerequisite to membership possess a physical handicap or disability, such license tax shall be twenty-five dollars). $200.00 (5) Insurance representatives, property, marine, casualty and surety insurance. (a) Agents. 2. Annual continuation or renewal of license, each insurer: Appointment fee $11.00 State license tax 6.00 County license tax 3.00 Total $ 20.00 (b) Solicitors. 2. Annual continuation of license: Appointment fee $11.00 State license tax 6.00 County license tax 3.00 Total $ 20.00 (6) Life insurance agents. (a) Agent's license, each insurer: 2. Annual renewal or continuation of license: Appointment fee $11.00 State license tax 6.00 County license tax 3.00 Total 20.00 (7) Disability insurance agents. (a) Agent's license, each insurer: 2. Annual renewal or continuation of license: Appointment fee $11.00 State license tax 6.00 County license tax 3.00 Total $ 20.00 (8) All limited licenses as agent, as provided for in s.626.321, or for license as limited surety agent as defined in s.648.25, each agent and each insurer represented: (b) Annual renewal or continuation of license: Appointment fee $11.00 State license tax 6.00 County license tax 3.00 Total $ 20.00 (9) Fraternal benefit society agents. Agent's license, each agent and each insurer: (b) Annual renewal or continuation of license: Appointment fee $11.00 State license tax 6.00 County license tax 3.00 Total $ 20.00 Prior to its 1972 revision (Ch. 72-306, Laws of Florida), Ch. 205, F. S., provided for a state occupational license tax to be divided among the state and the individual counties where the tax was collected. It is clear that under this earlier statute a state or county occupational license for insurers and their agents, representatives, and solicitors was not required by Ch. 205 in addition to that imposed by Ch. 624, F.S. As well as not listing insurers and their agents as a licensable classification, former s. 205.012, F.S. 1971, provided: No person shall engage in or manage any business, profession or occupation, in any county for which an occupational license tax is required by this chapter or other law of this state, unless a state license or a county license, as the case may be, shall have been procured from the tax collector for each county where the place of business may be located or from the department of banking and finance, department of insurance, or department of revenue, as provided by this chapter or other law of this state. . . . (Emphasis supplied.) The above-quoted provision was deleted in the 1972 revision. The absence from the classification of businesses, occupations, and professions subject to occupational license taxation under the old statute would generally not prohibit a county from establishing such a classification under the new law. See AGO 073-399. However, two factors appear to prohibit a county from doing such in the case of insurers and insurance agents. Section 205.033(1)(b), F. S., conditions any levy by a county so that "[n]o occupational license tax levied hereunder shall be at a rate greater than the rate provided by chapter 205 in effect for the year beginning October 1, 1971." On October 1, 1971, Ch. 205, F.S., provided that the license taxes and rates therefor prescribed by Ch. 624, F.S., would satisfy the requirement of possessing an occupational license. Secondly, the doctrine of state preemption recognized by the Supreme Court in Isern v. City of West Miami, 244 So.2d 420
(Fla. 1971), compels this conclusion. See also, AGO's 073-162 and 072-236. Section 624.520, F.S., establishes the preemption by the state of the field of imposing taxes and fees on insurers and their agents and representatives. However, this stated preemption does not extend to a license tax of a fixed amount. Attorney General Opinions 073-162 and 060-121. Nevertheless, by establishing a county license tax of a fixed amount and prescribing the conditions under which a municipality can impose occupational license taxes, the legislature has also preempted the field of licensing insurers and their agents and representatives by a fixed-amount license tax. Section 205.022(1), F.S., provides that: (1) "Local occupational license" . . . shall not mean any fees or licenses paid to any board, commission, or officer for permits, registration, examination, or inspection. Unless otherwise provided by law, these are deemed to be regulatory and in addition to, and not in lieu of, any local occupational license imposed under the provisions of this chapter. It is clear that the "license taxes" imposed by Ch. 624, F.S., are indeed "taxes," i.e., for revenue purposes as opposed to regulatory purposes, so as not to come within the above exclusion to the definition of a "local occupational license." The Insurance Code makes careful distinction between those amounts deemed regulatory and those that are for revenue purposes, both in the schedule of fees, supra, and throughout the remainder of the chapter. Section 624.503 provides for a reduction of the license tax, if a license tax is required after six months of the certificate of authority has expired. This reduction does not apply to the fees denoted as regulatory. See also, ss. 624.504-624.508. Section 624.506(1), F.S., requires the funds representing the county license tax to be kept in a separate trust fund with an account for each county. Section 624.506(2) provides that the payment and collection of county license taxes under Ch. 624, F.S., shall be in lieu of collection thereof by the several county tax collectors, and s. 624.506(3) directs the comptroller to draw his warrant on the state treasury, at the times prescribed by the statute, payable to the respective counties entitled to receive the same for the full net amount of such license taxes to each county.
Section 624.523, F.S., further demonstrates the revenue nature of the county license tax. This section establishes the Insurance Commissioner's Regulatory Trust Fund to be used by the Department of Insurance in the discharge of its administrative and regulatory powers and duties as prescribed by law. The only part of the twenty dollar total license fee for insurance agents and solicitors that becomes part of this trust fund is the eleven dollar "appointment fee." Section 624.523(1)(f)4.,7.,9., and 11. The "state license tax" portions of agents' and solicitors' licenses collected under s. 624.501, supra, is deposited in the state treasury to the credit of the General Revenue Fund. Section624.521(1), F.S. The annual license tax paid by insurers is also a revenue tax and not regulatory in nature since it is also deposited in the state treasury to the credit of the General Revenue Fund. Section 624.522(5)(a), F.S. The history of Ch. 205, F.S., in relation to Ch. 624, F.S., demonstrates the preemptive nature of the license taxes provided by the latter chapter. Chapter 205, prior to the adoption of the Insurance Code in 1959, contained all of the licensing provisions relevant to the insurance industry. These license taxes were purely for revenue and not regulation. See ss. 205.43-205.45, F.S. 1957. Upon the adoption of the Insurance Code, the provisions in Ch. 205 were repealed and incorporated, virtually verbatim, into Ch. 624, and were coupled with distinct regulatory fees. Thus, these provisions, both before and after the adoption of the Insurance Code in 1959, constituted the exclusive authority pursuant to which the state, counties and municipalities could require occupational license taxes. Applying the foregoing discussion to your question concerning the authority of a county to require an occupational license tax of insurers, their agents or solicitors, ss. 624.505 and 624.506, F.S., are controlling. These provisions establish the requirements to be met for a county license tax to be applicable as to insurance agents and solicitors, but there is no authority for a county to impose an occupational license tax on an insurer in addition to the two hundred dollar state tax pursuant to s. 624.501(3), supra. Since insurers have been provided for in other sections and the sections relevant to counties do not mention insurers, the well accepted doctrine of statutory construction, expressio unius est exclusio alterius, the inclusion of one is the exclusion of others, proscribes such a license tax by counties on insurers. Dobbs v. Sea Isle Hotel,56 So.2d 341 (Fla. 1932). Therefore, a county may not require any occupational license tax on insurance agents and solicitors other than the three dollar tax collected for the county by the state nor may it impose any license tax on an insurer. Although not specifically raised by your question, it is necessary to consider also the authority of municipalities in this area. This question has been the subject of three previous Attorney General Opinions, 059-247, 060-121, and 073-162. In AGO's 059-247 and 060- 121, it was concluded that a municipality could impose an occupational license tax on insurers. In AGO 073-162, I adopted this conclusion but made no determination as to its correctness. Section 624.507, F.S., provides: 624.507 Municipal license tax. — Municipal corporations may require a license tax of insurance agents and solicitors not to exceed fifty per cent of the state license tax specified as to such agents and solicitors under part IV of this chapter, and unless otherwise authorized by law. Such a tax may be required only by a municipal corporation within the boundaries of which is located the agent's business office, or if no such office is required under this code, by the municipal corporation of the agent's place of residence. Section 205.042, F.S., is other authorization for a municipality to levy a license tax in excess of 50 percent of the state license tax but only as to insurance agents and solicitors. No authority to tax insurers is given by s.624.507, supra, and thus the same principle of construction applied above to counties also prohibits municipalities from requiring occupational license taxes for insurers. To the extent that there exists a conflict between this opinion and AGO's 059-247, 060-121, and 073-162, those opinions are superseded.