QUESTION: Does Ch. 39, F.S., or any other Florida Statute prohibit the release and dissemination by a law enforcement agency, state attorney, or the news media of the specific name, age, and address of a juvenile when taken into custody for an act of delinquency?
SUMMARY: It is improper for a law enforcement agency or a state attorney to release the name, age, and address of a juvenile when taken into custody for an act of delinquency unless said juvenile is thereafter handled as an adult or until such time as a public hearing is held. The news media may truthfully publish the name, age, and address of a juvenile when such information is gathered in a proper fashion from public court records, public court hearings, or from otherwise nonprivileged or nonconfidential sources. The circuit court has exclusive and original jurisdiction of proceedings in which a child is alleged to be delinquent. Section 39.02(1), F.S. This jurisdiction attaches to the child and the case when the summons is served upon the child, a parent, or the legal or actual custodian of the child or when the child is taken into custody with or without service of summons and before or after filing of a petition, whichever first occurs, and thereafter the court may control the child and case in accordance with Ch. 39, F.S. Section 39.06(7). Section 39.01(30) defines "taken into custody" as ". . . the status of temporary physical control of a child by a person authorized by this chapter, pending his release, detention, or placement." When a child is taken into custody for a delinquent act, the person who takes the child into custody is required to make a written report to the appropriate intake officer. This report must contain the identity of the child and contain sufficient information to establish the jurisdiction of the court and to support a finding by the court that the child is delinquent. Section 39.03(2)(a) and (b) and (3)(a). Because this report is expressly mentioned within Ch. 39, it might reasonably be argued that the rule expressio unius est exclusio alterius is applicable and that the legislative intent was to forbid the making of any other reports by those persons who take children into custody. Alsop v. Pierce, 19 So.2d 799 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1936); and State ex rel. Judicial Qualifications Commission v. Rose, 286 So.2d 562
(Fla. 1973). Be that as it may, once this report is made by the person taking the child into custody, it becomes a court record; and except for traffic violations, such records are not open to inspection by the public unless so ordered by the judge. Sections 39.12(3) and 39.03(6)(c). See also AGO 070-113. In addition, Ch.39, F.S., provides for the confidentiality of the fingerprints and photographs of a child who is taken into custody upon probable cause that he has committed an act which would be a felony if he were an adult — s. 39.03(6)(a) — and allows a judge to close a juvenile hearing from the public when, in his discretion, he is of the opinion that the public interest or the welfare of the child is best served by so doing — s. 39.09(1)(b). Section 39.12(4) states: All information obtained pursuant to this chapter in the discharge of official duty by any judge, employee of the court, authorized agent of the division of family services, or authorized agent of the division of youth services shall be privileged and shall not be disclosed to anyone other than the authorized personnel of the court, the department of health and rehabilitative services, and others entitled under this chapter to receive that information, except upon order of the judge. And the appeal section of Ch. 39, as applicable herein, provides: The case on appeal shall be docketed, and any papers filed in the appellate court shall be entitled, with the initials but not the name of the child and the court case number, and the papers shall remain sealed in the office of the clerk of the appellate court when not in use by the appellate court and shall not be open to public inspection. The decision of the appellate court shall be likewise entitled, and shall refer to the child only by initials and court case number. [Section 39.14(4), F.S.] See also AGO 073-112, and s. 959.225, F.S., and compare AGO 065-51. Given the foregoing statutory provisions, which are directed to the confidential and privileged nature of juvenile proceedings, and which, when read in pari materia, provide for elaborate precautions to insure that the identity of a child taken into custody for a delinquent act will be kept confidential, I am of the opinion that it would be improper for a law enforcement agency or the state attorney to release and disseminate the specific name, age, and address of a juvenile when taken into custody for an act of delinquency. Attorney General Opinion 064-43. The release of such information might subject the disclosing party to punishment for contempt under s. 39.13, F.S. However, if, after the juvenile is taken into custody, it is subsequently determined that the juvenile is to be handled as an adult pursuant to the provisions of ss. 39.02(5) or 39.09(2), F.S., or if a public hearing is held in the juvenile case under s. 39.09(1)(b), F.S., it would not appear to be improper for a law enforcement agency or the state attorney to release and disseminate the specific name, age, and address of the juvenile previously taken into custody for an act of delinquency. Notwithstanding the fact that my research does not disclose an express statutory prohibition against the dissemination by the news media of the specific name, age, and address of a juvenile when taken into custody for an act of delinquency, I am convinced that the news media might be subject to punishment for contempt pursuant to s. 39.13, F.S., if the media disseminated the name, age, and address of a child under the jurisdiction of the court as a juvenile, if the information was gained from privileged, confidential, or nonpublic records of said court. If, however, the information about the juvenile is obtained in a proper fashion from public court records, public court hearings, or from otherwise nonprivileged or nonconfidential sources and truthfully published, the press would not be subject to liability. Cox Broadcasting Corporation, et al. v. Cohn, 43 U.S.L.W. 4343, Opinion filed March 3, 1975, Case Number 73- 938.