QUESTION: Are community health centers and clinics participating in the Indigent Drug Program operated by the state through the Mental Health Program Office of the Department of Health and Rehabilitative Services subject to the provisions of s. 500.46, F. S., requiring manufacturers and wholesalers of drugs to obtain a permit from the state to lawfully operate as wholesalers or manufacturers of drugs in this state?
SUMMARY: Community health centers and clinics participating in the Indigent Drug Program operated by the state through the Mental Health Program Office of the Department of Health and Rehabilitative Services do not have to obtain the permit for operation as drug wholesale or drug manufacturing establishments or businesses as specified in s. 500.46, F. S. Your question is answered in the negative. Section 500.46, F. S., specifically addresses drug manufacturers and wholesalers, requiring them to obtain permits from the Department of Health and Rehabilitative Services as a condition precedent to lawful engagement in their respective businesses. The statute operates on those persons engaged in the drug wholesaling or drug manufacturing business in this state. See s. 500.46(3) and (4). I am informed by the department that the community health centers and clinics in question are private, nonprofit organizations, quasipublic in nature, which distribute psychotropic drugs to indigent persons certified to be in need of such medication by, and upon the prescription of, a licensed physician. The recipient, I understand, pays what he or she can afford to pay for the drugs, but if the person cannot afford to pay any amount, the drugs are distributed free of charge. I am further informed by the department that the drugs are purchased under state contract for use in this program by the Department of Health and Rehabilitative Services Mental Health Program Office and administered by and through local governmental agencies and community health centers and clinics and that none of the drugs utilized in the program in question are classified as "controlled substances" by either federal law or the law of this state. The Indigent Drug Program and the community health centers and clinics participating therein operate under the Mental Health Program Office of the department pursuant to the Community Mental Health Act, Part IV of Ch. 394, F. S., and the program is an integral part of a uniform state-operated mental health system. Such system is administered through local governmental agencies, s. 394.66, and is not in any way engaged in the drug wholesale or manufacturing business.
It is readily apparent from the language of s. 500.46, supra, that the health centers and clinics are not drug manufacturers or wholesalers, are not, in terms of the statute, engaged in the (business of) wholesaling or manufacturing of drugs, and thus do not come within the purview of said statute, which speaks only to those particular classifications. This interpretation is particularly warranted in light of the rule of statutory construction, expressio unius est exclusio alterius, which means that the express mention of one thing (in this case, drug manufacturing or wholesaling) is the exclusion of another. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944). Therefore, I am of the opinion that the community health centers and clinics participating in the Indigent Drug Program operated by the state through the Mental Health Program Office of the Department of Health and Rehabilitative Services are not subject to the licensing or permitting requirements of s. 500.46, supra, and therefore do not have to obtain the permit for their operation as specified therein.