Mr. Michael J. Swaine City Attorney City of Sebring
QUESTION:
May a special act, as amended, creating the Sebring Utilities Commission as a body corporate and politic and relating solely to its powers and the independent exercise of its powers be amended pursuant to s. 166.031(1), F.S.?
SUMMARY:
Until judicially determined otherwise, s. 166.031(1), F.S., authorizes the electors of a municipality by referendum to amend the municipality's charter, i.e., its creative act and amendments thereto relating to the powers of the municipal corporation, and does not authorize the electors to propose and effect amendments by referendum to acts of the state Legislature creating a separate public corporation or public quasi-corporation for limited and specialized municipal purposes.
The Sebring Utilities Commission was created by special act, ch. 23535, 1945, Laws of Florida, and subsequently amended by ch. 26223, 1949, Laws of Florida, ch. 27893, 1951, Laws of Florida, and chs. 67-2068 and 79-567, Laws of Florida. Chapter 23535,supra, as amended, creates the utility commission as a body corporate and politic and grants to said commission various specified powers for the purpose of performing a prescribed specialized function, i.e., the financing, operation, and management of the City of Sebring's electric and water utility systems.
Your inquiry reflects that the Sebring City Council has received petitions, which appear to be signed by over 10% of the registered electors of the city requesting that the city submit to the electors of the municipality a proposed amendment (the specific nature of which you have not disclosed) to the enabling legislation of the Sebring Utilities Commission. The question therefore arises as to whether the special act, as amended, creating the Sebring Utilities Commission as a body corporate and politic and relating to its powers and the independent exercise of its powers may be amended pursuant to s. 166.031(1), F.S. This response is confined to that question which calls for a construction of the language contained in s. 166.031(1), F.S.
Section 166.031(1), F.S., provides, in pertinent part, as follows:
 . . . the electors of a municipality may, by petition signed by 10 percent of the registered electors, submit to the electors of said municipality a proposed amendment to its charter, which amendment may be to any part or to all of said charter . . . . (Emphasis supplied.)
The above statutory provision grants to the electors of a municipality the discretionary power or right to propose by initiative an amendment to the municipal chater. Where a statute enumerates the things on which it is to operate, it is ordinarily construed as excluding from its operation all things not expressly mentioned. Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234, 239
(Fla. 1944). Thus s. 166.031(1), F.S., authorizes the electors to propose and effectuate amendments by referendum to the municipal charter and not to other legislative acts creating other public corporations or public quasi-corporations for prescribed limited and specialized municipal purposes. It must therefore be determined whether an emendation of the special act, as amended, relating to the Sebring Utilities Commission constitutes an amendment to the municipal charter within the purview and for the purposes of s. 166.031(1), F.S.
The word `charter' when used in connection with a municipal corporation, consists of the creative act and all laws in force relating to the corporation, whether in defining its powers or regulating their mode of exercise. City of St. Petersburg v. English, 45 So. 483 (Fla. 1907). See also s. 2(a), Art. VIII, State Const.; 62 C.J.S. Municipal Corporations s. 14b., p. 93. From my examination of all of the aforecited special acts, it appears that the enabling legislation of the Sebring Utilities Commission does not purport to affect the charter of the municipality of Sebring or otherwise relate to the powers or duties or the exercise of the powers of the governing or legislative body of the municipality. The special act, as amended, bestows no additional powers upon the municipality, but rather, bestows upon the utilities commission, as a corporate or quasi-corporate entity separate from the city itself, certain specified limited powers for a certain specialized limited purpose. For the purposes of this opinion, all of the legislation, including the titles, relate solely to the powers and exercise of powers of the utilities commission for the prescribed purposes and have nothing to do with the charter of the municipality as defined above. Nor can it be said that the special act, as amended, which relates exclusively to the Sebring Utilities Commission constitutes a part of the charter of the city subject to amendment within the purview of and pursuant to s. 166.031(1), F.S. Thus, an amendment relating to the duties and powers of the Sebring Utilities Commission would be an emendation of the special act, as amended, relating to said commission and not an amendment to the municipal charter within the purview of s. 166.031(1), F.S.
Prepared by: Linda Lettera, Assistant Attorney General