David W. Rynders City Attorney City of Naples
QUESTION:
Does the presence of a guardhouse at a residential subdivision relieve the developer or owner from the requirement of installing traffic control devices pursuant to s. 316.0747(3), F.S. (1990 Supp.)?
SUMMARY:
Private residential subdivisions to which the general public is invited to travel must install and maintain traffic control devices, regardless of the presence of a guardhouse.
Section 316.0747(3), F.S. (1990 Supp.), provides:
 Nongovernmental entities to which the general public is invited to travel shall install and maintain uniform traffic control devices at appropriate locations pursuant to the standards set forth by the Manual on Uniform Traffic Control Devices as adopted by the Department of Transportation pursuant to s. 316.9745. Such traffic control devices shall be installed no later than January 1, 1992. Businesses the parking lots of which do not provide intersecting lanes of traffic and businesses having fewer than 25 parking spaces are exempt from the provisions of this subsection. The Department of Transportation shall adopt rules to implement this section.
The plain language of the statute requires nongovernmental entities, such as a residential development where the general public is invited to travel, to install and maintain traffic control devices. The Legislature has expressly provided that businesses with less than twenty-five parking spaces are exempt from the requirements of the statute.[1] No other exemptions or exceptions may be inferred.[2]
A private residential development which allows the general public to travel on its roads would be subject to s. 316.0747(3), F.S. (1990 Supp.). Whether a guardhouse regulates access to the subdivision to the point of denying public travel upon the streets is a mixed question of law and fact which this office cannot answer. The presence of a guardhouse at the entrance of a development to which the public is allowed to travel, however, does not fall within the exemption set forth in the statute.
This office has been advised that the Department of Transportation has not adopted rules which would allow an exemption from s.316.0747(3), F.S. (1990 Supp.), for private residential subdivisions with guardhouses.
Accordingly, it is my opinion that the presence of a guardhouse does not relieve a private residential subdivision in which the public is invited to travel upon its streets from compliance with s. 316.0747(3), F.S. (1990 Supp.).
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See also, Final Staff Analysis, House Bill 441, House of Representatives Committee on Highway Safety and Construction, June 21, 1990, stating that "[d]ue to low traffic volume, those businesses with less than 25 parking spaces (i.e., doctor's offices, locksmith shops, bicycle shops, etc.), or businesses, the parking lots of which do not provide intersection lanes of the traffic, would be exempt from this requirement."
[2] See, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342
(Fla. 1952) (where a statute sets forth exceptions, no others may be inferred to be intended).