Mr. James Harold Thompson Attorney for the Gadsden County School Board Post Office Box 391 Tallahassee, Florida 32302
Dear Mr. Thompson:
On behalf of the Gadsden County School Board, you ask substantially the following question:
Must school districts use competitive bidding when hiring a construction manager as contemplated in s. 235.211(3), F.S.?
In sum:
There is no requirement that the services of a construction manager be secured through competitive bidding. However, the use of a construction manager does not relieve a district school board of the competitive bidding requirements in s. 235.31, F.S. for the construction of school facilities.
The materials you have provided indicate that the Gadsden County School Board is considering use of a construction manager to oversee the construction of a school facility which was destroyed by fire. An issue has arisen whether conventional competitive bidding is required for securing the services of the construction manager. The Department of Education has taken the position that use of a construction manager does not allow the school board to dispense with competitive bidding in the construction of the facility. However, it is unclear whether the hiring of a construction manager must be accomplished through the competitive bidding process.
Section 235.211, F.S., authorizes the Office of Educational Facilities of the Department of Education (office) to require school district boards to employ certain procedures for the design and construction of new educational facilities in a rapid and economical fashion. Pertinent to your inquiry, "construction management," as a concept which may be included in the office's requirement, is defined in s. 235.211(3), F.S., as:
"A process whereby a single or highly coordinated authority is responsible for all scheduling and coordination in both design and construction phases and is generally responsible for the successful, timely, and economical completion of the construction project."
Section 235.211, F.S., however, allows a district board to use its own procedures, designs, construction techniques and materials when it is shown that such a proposal results in equivalent facilities without increased cost or delay in construction. Ultimately, however, approval must be obtained from the office before construction may begin.[1]
This office has been informed that the hiring of a construction manager does not affect the competitive bidding for the construction of the facility and that the construction manager acts as the agent of the school board to oversee the project and to ensure its completion by the firm which is awarded the contract. The construction manager's responsibilities may include controlling the draw of payments to the contractor and approving stages of construction. As represented to this office, the construction manager neither bids on the construction of the project, nor performs the work.
The plain language of s. 235.211, F.S., shows that its provisions are to be used by the office in its requirements for construction by district boards, to ensure that the latest techniques and developments in construction are used such that projects are completed quickly and economically. There are no provisions indicating that the construction procedures affect the bidding requirements for construction of such projects. Furthermore, I have found no authorization for district boards to circumvent bidding requirements for the construction of a facility by using one of the prescribed construction procedures.
It would appear, therefore, that the hiring of a construction manager is a separate employment which is not governed by the competitive bidding requirements for the contractor constructing the project.
Section 235.31(1)(a), F.S., states:
"As soon as practicable after any bond issue has been voted upon and authorized or funds have been made available for the construction, remodeling, renovation, demolition, or otherwise for the improvement, of any educational or ancillary plant, and after plans for the work have been approved by the office, the board, after advertising the same in the manner prescribed by law or rule, shall award the contract for such building or improvements to the lowest responsible bidder. However, if after taking all deductive alternates, the bid of the lowest responsible bidder exceeds the construction budget established at the phase III submittal and no additional funds are available, the board may declare an emergency . . .[and] negotiate the construction contract or modify the contract, including the specifications, with the lowest responsible bidder. . . . For constructing, renovating, or remodeling, or otherwise improving, educational facilities at a cost not exceeding 200,000, the board may arrange for the work to be done on a day-labor basis. For renovating or remodeling only, at a cost of over 200,000, if no bids are received after advertising the same in the manner prescribed by law, the work may be done on a day-labor basis."
The Legislature has made it clear that construction of educational facilities must be competitively bid, unless all bids exceed the budget and the board declares an emergency allowing negotiations with the lowest responsible bidder or in instances where the construction cost does not exceed 200,000. Where a statute directs how a thing shall be done, it is, in effect a prohibition against its being done in any other manner.[2] Furthermore, only those exceptions to the bidding requirement enumerated in the statute may be recognized.[3] While school boards have been granted broad home rule powers,[4] actions by a district school board may not conflict with a state statute.[5] Thus, the Gadsden County School Board would not possess the authority to let a construction contract for an educational facility outside the procedures set forth in s. 235.31, F.S.
Accordingly, while the Gadsden County School Board may hire a construction manager to oversee the construction of an educational facility, the competitive bidding requirements in s. 235.31, F.S., must be followed for the construction contracts to build such facility.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 235.26(5), F.S.
[2] See, Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944).
[3] See, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952) (where a statute sets forth exceptions, no others may be implied to be intended).
[4] See, s. 230.03(2), F.S.
[5] See, AGO's 87-18 (school board could not adopt home town hiring policy) and 84-95 (school board not authorized to spend school funds for other than school purposes or in any manner conflicting with state statute).