Ms. Gretchen R.H. Vose City Attorney City of Longwood 2705 West Fairbanks Avenue Winter Park, Florida 32789
Dear Ms. Vose:
You ask on behalf of the City of Longwood substantially the following question:
May a municipality waive the payment of past due public service taxes to compromise and settle the amount owed?
In sum:
Absent statutory authority, a municipality may not waive past due public service taxes in order to compromise and settle the amount owed. The statute of limitations, however, would limit collection of delinquent taxes to within five years after the taxes have been assessed or become delinquent.
The City of Longwood has an ordinance[1] which levies a public service tax on, among other things, the sale of bottled gas within the municipality.[2] You state that a hardware store has been selling bottled gas in the city since 1981, without collecting the tax and turning it over to the city. The hardware store, however, has been in compliance with the ordinance since November 1992, when the city notified it of its violation. It appears that the hardware store is liable for approximately 48,675 in past due taxes. The hardware store has asked if it may be relieved of its liability by making a payment of 5,000 in settlement of the back taxes. The issue of whether the city may settle or compromise the back taxes has been raised. In pertinent part, s. 166.231, F.S., provides:
A municipality may levy a tax on the purchase of electricity, metered or bottled gas (natural liquefied petroleum gas or manufactured), and water service. The tax shall be levied only upon purchases within the municipality and shall not exceed 10 percent of the payments received by the seller of the taxable item from the purchaser for the purchase of such service.
The tax authorized by s. 166.231, F.S., must be collected by the seller of a taxable item from the purchaser at the time of payment for such service or item. The seller is obligated to remit the taxes collected to the municipality in the manner prescribed by ordinance.[3] A municipality may exempt purchases of items taxable under s. 166.231, F.S., by the United States Government, the State of Florida, or any other public body as defined by s. 1.01, F.S., but must exempt such purchases by any recognized church in this state for use exclusively for church purposes.[4] Thus, the Legislature has specified those purchases which are exempt from the tax allowed under s. 166.231, F.S., and no others may be implied.[5] Previously, in AGO 87-45, this office concluded that a municipality did not have the authority to provide an exemption from the public services tax other than those contained in s.166.231, F.S. This office noted that a municipality has home rule powers granted by s. 2, Art. VIII, State Const., which may be exercised for any valid municipal purpose. However, the taxing power of a municipality is not derived from s. 2, Art VIII, State Const.; rather it originates in ss. 1(a) and (9)(a), Art. VII, State Const., and such general or special laws concerning other taxes enacted by the Legislature.[6] It was determined, therefore, that absent statutory authority, a municipality has no inherent power to impose taxes or to provide exemptions from such taxes.[7]
As a general rule, a municipality has no inherent power to exempt from taxation property which it is authorized by statute to tax, since delegation of the power to tax, with few exceptions, does not include the power to exempt from taxation or the power to remit or compromise taxes.[8] Similarly, without a statutory grant of authority, a municipality may not contract away its power to impose taxes or impose taxes only under certain conditions.[9] The waiver of past due taxes would relieve the seller of its liability for collecting and turning over taxes due under the authority in s. 166.231, F.S. Moreover, it would appear to be an exemption from the tax which is not authorized in the statute.
In this instance, it appears that the taxes are delinquent from the years 1981 to 1991, those years which you state the hardware store sold bottled gas without collecting the taxes thereon.
The collection of delinquent taxes, however, is limited by s.95.091, F.S. In the absence of statutory authority for the imposition of a lien to secure the payment of taxes, s. 95.091(2), F.S. 1992), provides:
If no lien to secure the payment of a tax is provided by law, no action may be begun to collect the tax after 5 years from the date the tax is assessed or becomes delinquent, whichever is later.
The collection of delinquent taxes which are not secured by a lien, therefore, is statutorily limited to within five years of assessment or when the tax becomes delinquent. Thus, it is my opinion that, absent statutory authority, the City of Longwood may not waive past due public service taxes in order to compromise and settle the amount owed for uncollected taxes by a seller of bottled gas. A delinquent tax which is not secured by a lien, however, may only be collected within five years of the time it is assessed or becomes delinquent. The observations and conclusions in this opinion are limited to the facts as presented to this office and apply only to the ability of a municipality to compromise or settle a claim for back taxes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Adopted pursuant to s. 167.431, F.S. (1945), repealed by s. 5, Ch. 73-129, Laws of Florida, the "Municipal Home Rule Powers Act," which simultaneously enacted s. 166.231, F.S., authorizing the levy of a public service tax.
[2] Section 21-18, Longwood City Code, effective October 5, 1945.
[3] Section 21-18, Longwood City Code, states:
It shall be the duty of every seller of . . . bottled gas to collect from the purchaser, for the use of the city, the tax levied under section 21-16, at the time of collecting the selling price thereof, and to report and pay over, on or before the fifteenth day of each calendar month, unto the city, all such taxes levied and collected during the preceding calendar month. It shall be unlawful for any seller to collect for any such service without at the same time collecting the tax. . . .Any seller failing to collect such tax at the time of collecting for any such service, where the seller has not elected to assume and pay such tax, shall be liable to the city for the amount of such tax. . . .
[4] Section 166.231(5), F.S. See, also, s. 166.231(3), F.S., (municipality may exempt from the tax any amount up to, and including, the first 500 kilowatt hours of electricity purchased per month for residential use); s. 166.231(4), F.S. (purchase of natural gas or fuel oil by a public or private utility, either for resale or for use as fuel in the generation of electricity, or the purchase of fuel oil or kerosene for use as an aircraft engine fuel or propellant or for use in internal combustion engines exempt from taxation); and s. 166.231(8)(a), F.S. (municipality may by ordinance exempt not less than 50 percent of the tax on purchases of electrical energy by a qualified business in an enterprise zone).
[5] See, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 341 (Fla. 1952) (where a statute sets forth exceptions to its operation, no others may be implied to be intended).
[6] See, AGO's 80-87 and 79-26 concluding that a municipality has no home rule powers with respect to the levy of excise or non-ad valorem taxes and exemptions therefrom, as all such taxing power must be authorized by general law.
[7] See also, AGO 89-11 (municipality not authorized to establish a cap which would exempt from taxation that portion of the service generating tax revenue in excess of a maximum monetary cap).
[8] See, 16 McQuillin, Municipal Corporations s. 44.65, p. 204.
[9] See, Eastern Shores v. City of North Miami Beach,363 So.2d 321, 323 (Fla. 1978).