W. Michael Brinkley Assistant City Attorney City of Plantation Fort Lauderdale
QUESTION:
May the City of Plantation invest a portion of its Municipal Police Officers' Retirement Trust Fund and its Municipal Firefighters' Pension Trust Fund in a portfolio that includes stocks, bonds, and other securities in companies organized and operating in foreign countries?
SUMMARY:
Sections 175.071(1)(b)4. and 185.06(1)(b)4., F.S., limit the authority of the trustees of municipal firefighters' pension trust funds and police officers' retirement trust funds to invest funds in stocks, bonds, and other securities of companies organized under the laws of the United States, its states, and organized territories, or the District of Columbia, and listed on a recognized national stock exchange. Such trustees, therefore, are not authorized to invest in stocks, bonds, or securities of corporations organized in and registered by a foreign country.
Chapters 175 and 185, F.S., create in each municipality a board of trustees for the firefighters' pension trust fund and a board of trustees for the police officers' retirement trust fund, respectively.[1] In light of the parallel language used in both chapters setting forth the powers of the boards of trustees, for purposes of this opinion, only the language in Ch.185, F.S., will be used.
Section 185.06, F.S., sets forth the powers of the board of trustees of a municipal police officers' retirement trust fund as follows:[2]
 (1) The board of trustees may: (a) Invest and reinvest the assets of the retirement trust fund in annuity and life insurance contracts of life insurance companies in amounts sufficient to provide, in whole or in part, the benefits to which all of the participants in the municipal police officers' retirement trust fund shall be entitled under the provisions of this chapter, and pay the initial and subsequent premiums thereon. (b) invest and reinvest the assets of the retirement trust fund in: 1. Time or savings accounts of a national bank, a state bank insured by the Federal Deposit Insurance Corporation, or a savings and loan association insured by the Federal Savings and Loan Insurance Corporation. 2. Obligations of the United States or obligations guaranteed as to principal and interest by the United States. 3. Bonds issued by the State of Israel. 4. Bonds, stocks, or other evidences of indebtedness issued or guaranteed by a corporation organized under the laws of the United States, any state or organized territory of the United States, or the District of Columbia, provided: a. The corporation is listed on any one or more of the recognized national stock exchanges and holds a rating in one of the three highest classifications by a major rating service; and b. The board of trustees shall not invest more than 5 percent of its assets in the common stock or capital stock of any one issuing company, nor shall the aggregate investment in any one issuing company exceed 5 percent of the outstanding capital stock of the company or the aggregate of its investments under this subparagraph at cost exceed 30 percent of the fund's assets.
The statute further provides that the trustees of funds in municipalities with their own pension plans under s. 185.35, F.S.,[3]
may vary the investment procedures prescribed in s.185.06, F.S., by requesting a variance which may only be granted through a municipal ordinance or a special act of the Legislature. Section 185.06, F.S., states, however, that "[i]nvestments shall not be made in any stocks, bonds, or other securities owned or controlled by a government other than that of the United States or of the several states."
The plain language of the statute limits the trustees, when investing in stocks, bonds or other securities of corporations, to companies organized under U.S. law.[4] While s.185.06(1)(b)3., F.S., allows investment in bonds issued by the State of Israel, clearly no other investments in foreign governments or corporations are authorized.
It is a tenet of statutory construction that where the Legislature has directed how a thing must be done, it is implicit that no other manner is allowed.[5] Further, where a statute sets forth an exception, such as s. 185.06(1)(b)3., F.S., allowing investment in bonds of the State of Israel, no others may be implied to be intended.[6]
I would note that the Department of Insurance has taken the position that the trustees of a municipal police officers' retirement fund may not invest in securities of a corporation domiciled in and organized under the law of a foreign country.[7]
This office agrees with that department's position.
Accordingly, the trustees of a municipal firefighters' pension fund or police officers' retirement fund may not invest trust funds in stocks, bonds, or other securities of a foreign corporation organized in and registered by a foreign government.
[1] See, s. 175.061, F.S., creating the board of the firefighters' pension trust fund, and s. 185.05, F.S., creating the board of the police officers' retirement trust fund. Section175.061, F.S., was amended by s. 15, Ch. 93-193, Laws of Florida, to create in each special fire control district a board of trustees for a firefighters' pension trust fund.
[2] Section 175.071, F.S., contains parallel language regarding the board of trustees of a firefighters' pension trust fund.
[3] Section 185.35, F.S., allows municipalities with their own pension funds to share in the distribution of tax proceeds paid into the Insurance Commissioner's Regulatory Trust Fund, provided such municipalities meet specified criteria. Section 174.351, F.S., allows municipalities with their own pension funds for firefighters to participate in the Insurance Commissioner's Trust Fund, provided they meet specified standards.
[4] The Florida League of Cities has taken the position that the limitations in Chs. 175 and 185, F.S., would not preclude investment in a corporation organized under U.S. law but transacting business in another country, such as Disney or Ford Motors. This opinion addresses only those companies organized and operating in foreign countries and, thus, does not conflict with the League's position.
[5] See, Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944) (when the Legislature prescribes the mode, that mode must be observed).
[6] See, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342
(Fla. 1952).
[7] Letter of May 18, 1992, from Mr. Andrew Kenneth Levine, Office of Legal Affairs, Department of Insurance, to Mr. Brad Orvieto, Certified Financial Planner, Horizon Financial Group.