Mr. Geoffrey B. Dobson St. Augustine City Attorney 66 Cuna Street, Suite B St. Augustine, Florida 32084
Dear Mr. Dobson:
You ask substantially the following question:
Does section 633.171(2)(a), Florida Statutes, preclude a city from disconnecting water service to a consumer for nonpayment when the building to which service is provided has a preengineered fire protection system?
In sum:
Section 633.171(2)(a), Florida Statutes, operates to preclude a city, absent a court order, from disconnecting water service to a preengineered fire protection system required by statute or rule when to do so would render such system inoperative.
You state that the City of St. Augustine owns the local water utility service. Pursuant to section 180.13, Florida Statutes, the governing body of a municipality may establish just and equitable rates to be paid to the municipality for the use of a utility by each person, firm or corporation whose premises are served. If the charges are not paid when due, the municipality may recover such sums by suit in a court having jurisdiction in the municipality or by discontinuance of the service until the delinquent charges for the service are paid.[1] There is some question, however, whether the city may discontinue water service to delinquent customers who have preengineered fire protection systems that are required by law or rule.
It has been judicially recognized that a municipality may discontinue water services furnished by the city when the consumer fails to pay the water bill.[2] As noted above, the Legislature has authorized such action when a person using a public utility fails to pay the charges when due.
Section 633.171(2)(a), Florida Statutes, however, provides:
(2) It shall constitute a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, to intentionally or willfully: (a) Render a fire extinguisher or preengineered system required by statute or by rule inoperative except during such time as said extinguisher or preengineered system is being serviced, tested, repaired, or recharged, except pursuant to court order.
The statute clearly makes it a criminal offense to disconnect the water supply to a required preengineered fire protection system such that the system is rendered inoperable, unless by order of a court. Where the Legislature has set forth exceptions to the operation of a statute, no others may be inferred.[3] In this instance, absent a court order, disconnection of water that renders a preengineered fire protection service inoperable could subject the municipality to criminal sanctions. There is no statutory or judicial exemption for municipally owned water systems from the provisions of the statute. Thus, a municipally owned water utility may not, absent a court order, disconnect the water supply to a preengineered fire protection system that is required by law or rule such that the system is rendered inoperable without subjecting itself to the criminal liability imposed in section 633.171(2)(a), Florida Statutes.[4]
An example of a fire protection system that is required by statute is contained in section 553.895, Florida Statutes. That statute states:
Except for single-family and two-family dwellings, any building which is of three stories or more and for which the construction is let after January 1, 1994, regardless of occupancy classification and including any building which is subject to s.509.215, shall be equipped with an automatic sprinkler system installed in compliance with the provisions of chapter 633 and the rules and codes adopted pursuant thereto.[5]
Section 553.895(2), Florida Statutes, has expansive coverage in requiring automatic sprinkler systems in practically all buildings with three or more stories, except for those that are a single-family or two-family dwelling.
Accordingly, it is my opinion that a municipality is subject to section 633.171(2)(a), Florida Statutes, if, without a court order, it discontinues water service to a structure that has a preengineered fire protection system that is rendered inoperable by such action.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 180.13(2), Fla. Stat. (1993).
[2] See, State v. City of Miami, 27 So.2d 118, 126 (Fla. 1946).
[3] See, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952).
[4] See, Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944) (legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way).
[5] Section 553.895(2), Fla. Stat. (1993).