Mr. Thomas Gerald Holley Washington County Attorney Post Office Box 268 Chipley, Florida 32428
Dear Mr. Holley:
On behalf of the Washington County Commission, you ask substantially the following question:
May the county rescind its annual contribution of incremental tax revenue to the Chipley Redevelopment Agency Trust Fund?
In sum:
As a taxing authority within the city's redevelopment area required to contribute incremental tax revenues to the community redevelopment trust fund, the county has no discretion to withhold incremental revenue derived from or held in connection with the undertaking and carrying out of community redevelopment as long as there is any outstanding indebtedness (but not to exceed 30 years) for which incremental revenues have been pledged.
You state that the City of Chipley has created a community redevelopment agency (CRA) and the requisite redevelopment trust fund pursuant to Part III, Chapter 163, Florida Statutes, the "Community Redevelopment Act of 1969" (act). The Washington County Board of County Commissioners (board) in support of the CRA adopted an ordinance pledging the incremental income and revenue derived by the county from the community redevelopment project area to the CRA until all loans, advances and indebtedness incurred by the agency have been paid.[1]
Prior to creating a CRA, the governing body must provide public notice of its proposed action and by registered mail notify each taxing authority that levies ad valorem taxes on taxable real property within the geographic boundaries of the redevelopment area.[2] The governing body approves the redevelopment plan after holding a public hearing and making specific findings.[3]
Section 163.387, Florida Statutes, requires the establishment of a redevelopment trust fund for each community redevelopment agency created. The act states in pertinent part:
The annual funding of the redevelopment trust fund shall be in an amount not less than that increment in the income, proceeds, revenues, and funds of each taxing authority derived from or held in connection with the undertaking and carrying out of community redevelopment under this part.[4] (e.s.)
By January 1 of each year each taxing authority must appropriate its share of incremental tax revenues "for so long as any indebtedness pledging increment revenues to the payment thereof is outstanding (but not to exceed 30 years). . . ."[5] The act exempts several entities from the incremental contribution requirements and authorizes the local governing body that creates a CRA to exempt special districts that levy ad valorem taxes within the community redevelopment area.[6] Neither of these exemptions, however, would be applicable in the instant situation.
Where the Legislature has designated the manner in which a thing is to be done, it is in effect a prohibition against its being done in any other way.[7] Moreover, when a statute enumerates exceptions to its operation, no others may be implied to be intended.[8] Thus, the act contemplates that incremental revenue contributions will be made by all taxing authorities within a community redevelopment area, except those that have been specifically exempted. The obligation to make such contributions continues so long as there is any outstanding indebtedness for which incremental revenues have been pledged, but may not exceed 30 years.
While there appears to be no discretion on the part of a taxing authority imposing ad valorem taxes within a community redevelop-ment area as to whether incremental revenue contributions will be made to the redevelopment trust fund, the act does provide for an annual return of unused funds to the taxing authorities in the proportion that each authority's contribution relates to the total amount paid into the trust fund.[9] Thus, in those years in which there is a lack of activity by the CRA and there is no outstanding indebtedness, the county would have its proportionate share of any unused funds returned.
A community redevelopment agency created pursuant to the act is given all powers necessary or convenient to carry out and effectuate the purposes of the act, except, among others, the power to authorize the issuance of revenue bonds.[10] The power to authorize the issuance of revenue bonds remains vested in the governing body of the county or municipality. As the CRA in this instance was created by the city, the city retains the power to authorize the issuance of revenue bonds and the CRA would not have to rely upon such approval by the county.
Accordingly, unless specifically exempted, a taxing authority within a community redevelopment area is required to contribute incremental tax revenues to the redevelopment trust fund as long as there is outstanding indebtedness (not to exceed 30 years) for which the revenues have been pledged.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Washington County Ordinance No. 90-5, adopted October 18, 1990.
[2] See, s. 163.346, Fla. Stat. (1993).
[3] See, s. 163.360(4), (5) and (6), Fla. Stat. (1994 Supp.).
[4] Section 163.387(1), Fla. Stat. (1994 Supp.). The subsection goes on to provide that the increment shall be determined annually and shall be the amount equal to 95 percent of the difference between:
(a) The amount of ad valorem taxes levied each year by each taxing authority, exclusive of any amount from any debt service millage, on taxable real property contained within the geographic boundaries of a community redevelopment area; and (b) The amount of ad valorem taxes which would have been produced by the rate upon which the tax is levied each year by or for each taxing authority, exclusive of any debt service millage, upon the total of the assessed value of the taxable real property in the community redevelopment area as shown upon the most recent assessment roll used in connection with the taxation of such property by each taxing authority prior to the effective date of the ordinance providing for the funding of the trust fund.
[5] See, s. 163.387(2)(a), Fla. Stat. (1994 Supp.).
[6] See, s. 163.387(2)(c), Fla. Stat. (1994 Supp.), enumerating those public bodies or taxing authorities created prior to July 1, 1993, that are exempt from the annual appropriation of incremental tax revenues to the CRA. And see, s. 163.387(3), Fla. Stat. (1994 Supp.), authorizing the local governing body that creates a community redevelopment agency to exempt from the incremental tax contribution special districts that levy ad valorem taxes within the community redevelopment area.
[7] See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) (where the Legislature prescribes the mode, that mode must be observed).
[8] See, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952) (where a statute sets forth exceptions, no others may be implied).
[9] See, s. 163.387(3), Fla. Stat. (1994 Supp.).
[10] See, s. 163.358(3), Fla. Stat. (1993).