Chief Robert B. Walker Cocoa Beach Police Fire Post Office Box 322430 Cocoa Beach, Florida 32932-2430
Dear Chief Walker:
You ask substantially the following question:
Does section 561.25, Florida Statutes, prohibit a police officer who is on administrative suspension from being employed as a cook at a restaurant serving alcoholic beverages?
In sum:
A law enforcement officer whose authority to exercise police powers has been suspended would not be subject to the employment restrictions in section 561.25, Florida Statutes.
You state that while the officer must be available during normal working hours, as a result of his suspension he has no arrest powers or other duties and has been relieved of his police badge, police credentials, firearms and uniforms.
Section 561.25(1), Florida Statutes, provides:
No officer or employee of the division, and no sheriff or other state, county, or municipal officer with state police power granted by the Legislature, shall be permitted to engage in the sale of alcoholic beverages under the Beverage Law; or shall be employed, directly or indirectly, in connection with the operation of any business licensed under the Beverage Law; or shall be permitted to own any stock or interest in any firm, partnership, or corporation dealing wholly or partly in the sale or distribution of alcoholic beverages, except as provided in this section. The provisions of this subsection shall not be construed to prevent any certified law enforcement officer, except members of the Florida Highway Patrol or its auxiliary, or employees of the division, from being employed in businesses which have obtained licenses only to sell beer or beer and wine for consumption off the premises. However, the written approval of the chief of police, sheriff, or other appropriate department head must be obtained for any such employment.
The statute goes on to state that it does not prohibit officers from being employed as entertainers or rendering security services when off duty in any establishment licensed under the beverage laws to sell beverages, if written approval of the chief of police, sheriff, or other appropriate department head is obtained for the place and hours of such employment.
The plain language of section 561.25, Florida Statutes, prohibits the employment of a law enforcement officer[1] in a business that holds a license to sell alcoholic beverages. The only exceptions are employment by an establishment selling only beer and wine for consumption off premises and the employment of an off-duty officer as an entertainer or for the provision of security services. Where the Legislature has set forth exceptions to the operation of a statute, no others may be implied to be intended.[2] Thus, clearly an officer with state police power is precluded from employment directly or indirectly by an establishment licensed under the state beverage laws, except as expressly provided otherwise in section 561.25, Florida Statutes.
In Attorney General Opinion 58-16, this office stated that the purpose underlying section 561.25, Florida Statutes, was to prohibit law enforcement officers from being licensed as dispensers of alcoholic beverages or from being connected with licensed premises in such a way as to interfere with or prevent them from enforcing the beverage law in an unbiased and unprejudiced manner. The prohibition has been somewhat relaxed since the issuance of that opinion by provisions allowing law enforcement officers to provide security and entertainment services as well as allowing employment by an establishment selling only beer and wine for off-premises consumption. The underlying purpose of preventing biased or prejudiced enforcement of the beverage law, however, would appear to be intact.
Any person determined to be in violation of section 561.25, Florida Statutes, is guilty of a misdemeanor of the second degree and "shall be automatically removed or suspended from office."[3]
By making automatic removal or suspension from office a penalty for violating the prohibitions in the act, it would appear the Legislature considered the terms of section 561.25, Florida Statutes, to be applicable to active law enforcement officers.
In the instant situation, the suspended officer may not make arrests, may not carry a gun and has been relieved of all police powers associated with carrying out his duties as a law enforcement officer for the city. While the suspended officer apparently remains certified pursuant to section 943.1395, Florida Statutes, he may not exercise any police powers during his suspension. In light of the officer's suspension and his inability to perform any of the police powers normally exercised by an active law enforcement officer, it would appear that section561.25, Florida Statutes, would not apply to the suspended officer.
Accordingly, it is my opinion that a law enforcement officer whose authority to exercise police powers has been suspended would not be subject to the employment restrictions in section 561.25, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 943.10(1), Fla. Stat. (1993), defines "[l]aw enforcement officer" as
any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.
[2] See, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952) (when statute enumerates the things upon which it operates or forbids certain things, it is ordinarily construed as excluding from its operation all things not expressly mentioned).
[3] Section 561.25(2), Fla. Stat. (1993).