Dear Ms. McKenna:
You ask substantially the following question:
Is a community residential home which falls within section 419.001(2), Florida Statutes, exempt from the provisions in the Florida Building Code applicable to a community residential home of six or more persons?
Section 419.001(2), Florida Statutes, states:
"Homes of six or fewer residents which otherwise meet the definition of a community residential home shall be deemed a single-family unit and a non-commercial, residential use for the purpose of local laws and ordinances. Homes of six or fewer residents which otherwise meet the definition of a community residential home shall be allowed in single-family or multifamily zoning without approval by the local government, provided that such homes shall not be located within a radius of 1,000 feet of another existing such home with six or fewer residents. Such homes with six or fewer residents shall not be required to comply with the notification provisions of this section; provided that, prior to licensure, the sponsoring agency provides the local government with the most recently published data compiled from the licensing entities that identifies all community residential homes within the jurisdictional limits of the local government in which the proposed site is to be located in order to show that no other community residential home is within a radius of 1,000 feet of the proposed home with six or fewer residents. At the time of home occupancy, the sponsoring agency must notify the local government that the home is licensed by the licensing entity." (e.s.)
Section 553.72, Florida Statutes, sets forth the Legislature's intent that the Florida Building Code (code) serves as a mechanism for the uniform adoption, updating, amendment, interpretation, and enforcement of a single, unified state building code. It consists of a single set of documents that apply to the design, construction, erection, alteration, modification, repair, or demolition of public or private buildings, structures, or facilities in this state and to the enforcement of such requirements. The code is to allow for the effective and reasonable protection of public safety, health, and general welfare for all the people of Florida at the most reasonable cost to the consumer.[1]
Relative to the type of facilities considered here, the code states that they "shall meet the requirements for construction as defined for Group R-3, except as otherwise provided for in this code, or shall comply with the Florida Building Code, Residential."[2]
It is further the intent of the Legislature that the Florida Building Code be "adopted, modified, updated, interpreted, and maintained by the Florida Building Commission in accordance with ss. 120.536(1) and 120.54
and enforced by authorized state and local government enforcement agencies."[3] (e.s.) Local governments, therefore, are charged with the enforcement of the Florida Building Code. While it is recognized that local governments may adopt amendments to the administrative provisions and technical provisions of the Florida Building Code that are more stringent than the minimum standards described in the code, [4] nothing within the code would appear to defer its application to a group facilities merely because a local government has been granted enforcement powers.
The plain language of section 419.001, Florida Statutes, provides that community residential homes with six or fewer residents shall be treated as a single family, non-commercial residential home for the purpose of local laws and ordinances and be allowed in single-family or multi-family zoning without local governmental approval. The Florida Building Code, however, is a state law that is enforced by local governments and contains provisions specific to community residential homes with six or more persons. I would note that section 553.73(9), Florida Statutes, exempts specific buildings and structures from the code. Community residential homes described in section 419.001, Florida Statutes, do not appear in the list of those buildings and structures exempt from the Florida Building Code.[5] It is a general principle of statutory construction that where a statute sets forth exceptions, no others may be inferred.[6] Further, section 553.73(9), Florida Statutes, requires exemptions be provided by the Legislature.
Accordingly, it is my opinion that a community residential home which falls within the provisions of section 419.001(2), Florida Statutes, is not exempt from the provisions in the Florida Building Code requiring such homes to meet the standards for construction as therein defined.
Sincerely,
 Bill McCollum Attorney General
BM/tls
[1] Section 553.72(1), Fla. Stat.
[2] See s. 310.1, Fla. Building Code (2007), Residential Group R.
Residential Group R includes, among others, the use of a building or structure, or a portion thereof, for sleeping purposes when not classified as an Institutional Group I or when not regulated by the Florida Building Code, Residential in accordance with Section 101.2. Residential occupancies shall include the following:
 "R-1 Residential occupancies containing sleeping units where the occupants are primarily transient in nature . . .
R-2 Residential occupancies containing sleeping units or more than two dwelling units where the occupants are primarily permanent in nature, including: Apartment houses Boarding houses (not transient) Convents Dormitories Fraternities and sororities Hotels (nontransient) Monasteries Motels (nontransient) Vacation timeshare properties
Congregate living facilities with 16 or fewer occupants are permitted to comply with the construction requirements for Group R-3.
R-3 Residential occupancies where the occupants are primarily permanent in nature and not classified as Group R-1, R-2, R-4 or I, including:
Buildings that do not contain more than two dwelling units.
Adult care facilities that provide accommodations for five or fewer persons of any age for less than 24 hours.
Child care facilities that provide accommodations for five or fewer persons of any age for less than 24 hours.
Congregate living facilities with 16 or fewer persons.
Adult and child care facilities that are within a single-family home are permitted to comply with the Florida Building Code, Residential.
R-4 Residential occupancies shall include buildings arranged for occupancy as residential care/assisted living facilities including more than five but not more than
16 occupants, excluding staff. Group R-4 occupancies shall meet the requirements for construction as defined for Group R-3, except as otherwise provided for in this code, or shall comply with the Florida Building Code, Residential."
[3] Section 553.72(3), Fla. Stat. See also s. 553.73(1)(e), Fla. Stat., stating: "Subject to the provisions of this act, responsibility for enforcement, interpretation, and regulation of the Florida Building Code shall be vested in a specified local board or agency, and the words `local government' and `local governing body' as used in this part hall be construed to refer exclusively to such local board or agency."
[4] See s. 553.73(4)(a) and (b), Fla. Stat.
[5] Section 553.73(9), Fla. Stat., states:
"The following buildings, structures, and facilities are exempt from the Florida Building Code as provided by law, and any further exemptions shall be as determined by the Legislature and provided by law:
(a) Buildings and structures specifically regulated and preempted by the Federal Government.
(b) Railroads and ancillary facilities associated with the railroad.
(c) Nonresidential farm buildings on farms.
(d) Temporary buildings or sheds used exclusively for construction purposes.
(e) Mobile or modular structures used as temporary offices, except that the provisions of part II relating to accessibility by persons with disabilities shall apply to such mobile or modular structures.
(f) Those structures or facilities of electric utilities, as defined in s. 366.02, which are directly involved in the generation, transmission, or distribution of electricity.
(g) Temporary sets, assemblies, or structures used in commercial motion picture or television production, or any sound-recording equipment used in such production, on or off the premises.
(h) Storage shed that are not designed for human habitation and that have a floor area or 720 square feet or less are not required to comply with the mandatory wind-borne-debris-impact standards of the Florida Building Code.
(i) Chickees constructed by the Miccosukee Tribe of Indians of Florida or the Seminole Tribe of Florida. As used in this paragraph, the term "chickee" means an open-sided wooden hut that has a thatched roof of palm or palmetto or other traditional materials, and that does not incorporate any electrical, plumbing, or other nonwood features."
[6] See, e.g., Dobbs v. Sea Isle Hotel, 56 So. 2d 341 (Fla. 1952).