Chief Richard A. Kistner Largo Police Department Post Office Box 296 Largo, Florida 34649-0296
Dear Chief Kistner:
You ask substantially the following question:
Does publication of victims' rights information in the front of the local telephone book, which is distributed county-wide, satisfy the requirements of section 960.001(1)(a), Florida Statutes?
In sum:
The police department is to be commended for seeking innovative ways in which to make victims' rights information more widely available to the public. However, the publication of such information in the front of the local telephone book, which is distributed county-wide, would not by itself appear to satisfy the requirements of section 960.001(1)(a), Florida Statutes, that law enforcement personnel distribute a victims' rights information card or brochure at the crime scene and during the investigation.
According to your letter, a proposal is currently being considered regarding the publication of victims' rights information as required by section 960.001(1)(a), Florida Statutes, in the front of the local telephone book which is distributed county-wide. You ask whether section 960.001(1)(a) is satisfied by the publication of this information in the telephone book rather than each law enforcement agency printing a victims' rights booklet.
Section 960.001, Florida Statutes, provides guidelines for the fair treatment of victims and witnesses in the criminal justice and juvenile justice systems. Among other criminal justice and law enforcement agencies, each sheriff's department and police department is required to develop and implement guidelines to meet specified objectives, including providing information concerning services available to the victims of crime.[1] A copy of such guidelines and an implementation plan adopted by each agency are to be filed with the Governor, as are any subsequent changes or amendments to the plan.[2]
Section 960.001(1)(a), Florida Statutes, requires witness coordination offices to gather information regarding the following services in the geographic boundaries of their respective circuits and to provide such information to each law enforcement agency with jurisdiction within such geographic boundaries:
Law enforcement personnel shall ensure, through distribution of a victim's rights information card or brochure at the crime scene, during the criminal investigation, and in any other appropriate manner, that victims are given, as a matter of course at the earliest possible time, information about:
1. The availability of crime victim compensation, when applicable; 2. Crisis intervention services, supportive or bereavement counseling, social service support referrals, and community-based victim treatment programs; 3. The role of the victim in the criminal or juvenile justice process, including what the victim may expect from the system as well as what the system expects from the victim; 4. The stages in the criminal or juvenile justice process which are of significance to the victim and the manner in which information about such stages can be obtained; 5. The right of a victim, who is not incarcerated, including the next of kin of a homicide victim, to be informed, to be present, and to be heard when relevant, at all crucial stages of a criminal or juvenile proceeding, to the extent that this right does not interfere with constitutional rights of the accused, as provided by s. 16(b), Art. I of the State Constitution; 6. In the case of incarcerated victims, the right to be informed and to submit written statements at all crucial stages of the criminal proceedings and parole proceedings; and 7. The right of a victim to a prompt and timely disposition of the case in order to minimize the period during which the victim must endure the responsibilities and stress involved to the extent that this right does not interfere with the constitutional rights of the accused.[3]
Section 960.001(1)(a), Florida Statutes, clearly contemplates the preparation of a card or brochure containing information regarding victims' rights and available services that may be distributed at the crime scene and during the investigation. It is a general rule of statutory construction that where the Legislature has prescribed the mode, that mode must be observed.[4] Thus, while the inclusion of such information in the local telephone directory would do much to inform the public of the rights of and services available to victims, it would not appear to comply with the statute.
Your department, however, is to be commended for seeking innovative ways in which to more widely distribute victims' rights information in the community. The information contained in the directory will be readily available to a large number of people who would not normally have ready access to such information. Moreover, the information included could go well beyond that information statutorily required in order to better inform members of the public of their rights. Law enforcement agencies and telephone companies should work cooperatively to make better use of telephone directories as an information resource to include such critical information in their telephone directories.
You have expressed your concern about the cost of each law enforcement agency developing a victims' right brochure or card. Section 943.001(3), Florida Statutes, provides that the state attorney and one or more of the law enforcement agencies within each judicial circuit may develop and file joint agency guidelines that allocate the statutory duties among the participating agencies. Responsibility, however, for the successful execution of the entire guidelines lies with all the parties. Thus, the statute appears to authorize the state attorney and one or more participating law enforcement agencies within the judicial circuit to allocate the responsibility to publish a victims' rights booklet to an agency or agencies for use by all the participating agencies. Samples of victims' rights pamphlets being used throughout the state may be obtained through the Crime Victims' Services Office of the Attorney General's Office.
Accordingly, while the police department is to be commended for seeking to make victims' rights information more widely available through the publication of such information in the front of the local telephone book distributed county-wide and while other law enforcement agencies should encourage telephone companies in their communities to include such information in their directories, such publication would not by itself appear to satisfy the requirements of section 960.001(1)(a), Florida Statutes, that law enforcement personnel distribute a victims' rights information card or brochure at the crime scene and during the investigation.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Such guidelines are to be consistent with and to implement article I, section 16(b), Florida Constitution, which provides:
Victims of crime or their lawful representatives, including the next of kin of homicide victims, are entitled to the right to be informed, to be present, and to be heard when relevant, at all crucial stages of criminal proceedings, to the extent that these rights do not interfere with the constitutional rights of the accused.
[2] Section 960.001(2)(a), Fla. Stat. (1994 Supp.).
[3] And see, s. 960.001(1)(m), Fla. Stat. (1994 Supp.), stating that a victim of a crime shall be provided with a victim's rights information card or brochure containing essential information concerning the rights of a victim and services available to a victim as required by state law.
[4] See, e.g., Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) (when the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).