The Honorable Franklin Buchanan Chairman, Lafayette County Board of County Commissioners Post Office Box 88 Mayo, Florida 32066
Dear Mr. Buchanan:
On behalf of the Board of County Commissioners of Lafayette County, you ask substantially the following question:
May a board of county commissioners build or maintain cattle gaps on or across county roads with county funds?
In sum:
The Legislature has placed the legal responsibility for keeping livestock off the public roads of this state on the owners of the livestock. Thus, the construction and maintenance of cattle gaps lies with the private livestock owners and the use of county funds for such purpose would appear to be unwarranted.
Counties have been granted the authority to maintain and control those roads under their jurisdiction and to expend funds for the construction, maintenance, and development of such roads.[1]
However, with the enactment of the Warren Act in 1949,[2] codified as section 588.12-588.25, Florida Statutes, the responsibility for keeping livestock off the public roads of this state has been placed on the owners of the livestock. As stated by the Legislature in section 588.12,
There is hereby found and declared a necessity for a statewide livestock law embracing all public roads of the state and necessity that its application be uniform throughout the state, except as hereinafter provided.
Section 588.14, Florida Statutes, prohibits any person owning or having custody or charge of livestock from permitting such livestock to run at large on or to stray upon the public roads of this state.[3] Thus, the Legislature has placed the responsibility of constructing fences and maintaining fences, including cattle guards or "gaps,"[4] to keep livestock off the public roads of this state on the private landowner and not on the county.[5]
In considering this issue, this office has previously stated that it would be an unwarranted use of county funds to construct cattle guards or gaps to keep livestock off county roads since the Legislature has expressly placed the responsibility on the livestock owners to keep livestock off public roads.[6] While chapters 336 and 588, Florida Statutes, have been amended since the issuance of those opinions, such amendments are not material to the issue presented herein. I am not aware of, nor have you drawn my attention to, any provision that would alter the conclusions reached in those earlier opinions.
While counties have been granted the home rule powers to carry on county government, it is axiomatic, however, that county funds may be used only for a county purpose.[7] The determination as to whether an expenditure serves a public purpose is one that must be made by the governing body of the county.[8] However, in light of the legislative direction that livestock owners are responsible for keeping livestock off the public roads of this state, it appears that the responsibility for building and maintaining cattle gaps rests with the owners of the livestock and not with the county.
Accordingly, I am of the opinion that as the Legislature has placed the legal responsibility for keeping livestock off the public roads of this state on the owners of the livestock, the construction and maintenance of cattle gaps lies with the private livestock owners and the use of county funds for such purpose would be unwarranted.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 125.01(1)(m) and (r), and (3), Fla. Stat. (1993). And see, s. 336.02, Fla. Stat. (1993), vesting in the boards of county commissioners the general superintendence and control of county roads within their respective jurisdictions.
[2] See, Ch. 25236, Laws of Florida 1949.
[3] See, s. 588.13(4), Fla. Stat. (1993), defining "Public roads" as "those roads within the state which are, or may be, maintained by the state, a political subdivision of the state, or a municipality, including the full width of the right-ofway, except those maintained, and expressly exempted from provisions of [Ch. 588], by ordinance of the county or municipality having jurisdiction."
[4] See, s. 588.011(3), Fla. Stat. (1993).
[5] Cf., Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) (a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[6] See, Op. Att'y Gen. Fla. 75-144 (1975) (county not authorized to build and maintain a "cattle gap" across a road comprising part of the county road system), Op. Att'y Gen. Fla. 79-98 (1979) (county, in absence of general or special law so providing, not authorized to build or maintain cattle gaps on or across county roads or expend county funds for such purpose; rather such responsibility lies with and at the expense of private land owners).
[7] See, s. 125.01(1)(r), Fla. Stat. (1993), authorizing counties to levy and collect taxes for county purposes and for providing municipal services within any municipal service taxing unit; Art.VII, s. 10, Fla. Const.; Op. Att'y Gen. Fla. 79-84 (1979) (county taxes may be expended only for county purposes).
[8] See generally, Ops. Att'y Gen. 90-78 (1990); 86-44 (1986); and 84-76 (1984).