Mr. Frank B. Gummey, III Daytona Beach City Attorney Post Office Box 2451 Daytona Beach, Florida 32115-2451
Dear Mr. Gummey:
You have asked for my opinion on substantially the following questions:
1. If a charter county adopts a unified countywide beach regulation authorizing vehicular traffic on coastal beaches pursuant to section 161.58(2), Florida Statutes, will the authorization for such traffic continue to be valid if the county charter is amended to transfer jurisdiction over the beaches back to the municipalities within whose boundaries those beaches are contained?
2. If the answer to question one is "yes," is an ordinance repealing authorization of beach vehicular traffic valid if adopted subsequent to a municipality being divested of jurisdiction over the beach by a county charter amendment?
3. If the answer to question two is "no," may a municipality authorize vehicular traffic on the beach when the beach is returned to that municipality's jurisdiction as a result of the repeal of the portion of the county charter authorizing unified countywide beach regulations?
In sum:
1. The authorization for vehicular traffic on coastal beaches within Volusia County will cease to be in effect if the unified countywide beach regulations are repealed or amended to return jurisdiction to the municipalities within whose boundaries those beaches are contained.
2. and 3. In light of my response to Question One, no answer to these questions is necessary.
In 1985[1] the Legislature severely restricted vehicular traffic on Florida beaches with the passage of section 161.58(1), Florida Statutes, which provides:
Vehicular traffic, except that which is necessary for cleanup, repair, or public safety, and except for authorized local or state dune crossovers, is prohibited on the dunes or native stabilizing vegetation of the dune system of coastal beaches. Except as otherwise provided in this section, any person driving any vehicle on, over, or across any dune or native stabilizing vegetation of the dune system shall be guilty of a misdemeanor of the second degree[.]
As amended in 1988,[2] this statute prohibited beach traffic except to the extent such traffic was authorized by a three-fifths vote of the local governing body. In addition, before it may authorize beach traffic, the local governing body must have made a determination by October 1, 1989, that it had available less than 50 percent of its peak user demand for off-beach parking. The statute thus tied local government's ability to authorize traffic to local need for additional off-beach parking. Parking demand and availability were to be determined according to rules promulgated by what was then the Department of Natural Resources.
However, in charter counties that had adopted unified county-wide beach regulations pursuant to their charters prior to January 1, 1988, these requirements and rulemaking authority were not applicable.[3] In addition, those local governments that had authorized vehicular traffic on the beaches by making the required findings were specifically authorized to take subsequent action to prohibit vehicular traffic on the beaches under their jurisdiction by at least a three-fifths vote of the governing body.
Thus, the thrust of this legislation was the prohibition of vehicular traffic on coastal beaches except for two very narrowly drawn exceptions: pursuant to unified countywide beach regulations authorizing such traffic prior to January 1, 1988, in charter counties; or where the local government had authorized beach traffic by three-fifths vote and made the appropriate determinations by October 1, 1989. It is a general rule of statutory construction that a legislative direction regarding how a thing is to be accomplished is, in effect, a prohibition against performing it in any other way.[4] Therefore, these exceptions from the general ban on vehicular traffic on the beach must be read as narrow exceptions limited to their terms.
According to the information you have supplied to this office Volusia County became a charter county in 1986 and subsequently adopted a "Unified Beach Code" by ordinance on November 16, 1987. The beach code was effective January 1, 1988. The charter authorized "vehicular access to any part of the beach not reasonably accessible from public parking facilities on or adjacent to the beach." The county has exclusively regulated all portions of the beach since adoption of the beach code.
Prior to the adoption of the county charter, several municipalities in Volusia County had adopted ordinances authorizing vehicular traffic on the beaches within their jurisdictional boundaries. However, the information you have supplied to this office does not indicate that these municipal ordinances were adopted in compliance with the additional requirements imposed by section 161.58(2), Florida Statutes.
While the unified county beach regulations adopted by Volusia County would clearly authorize vehicular traffic on the county's beaches, the repeal of the unified code and the transfer of jurisdiction over the beaches back to the municipalities within whose boundaries these beaches are contained would negate the application of the countywide charter regulation exception contained in section 161.58(2), Florida Statutes. In the absence of adoption by these municipalities of an ordinance grounded on the statutory and rule methodology set forth in section 161.58, prior to October 1, 1989, vehicular traffic on these beaches is prohibited except under the broader provisions of the unified countywide beach code.
Therefore, it is my opinion that the authorization of vehicular traffic on coastal beaches within Volusia County will cease to be in effect if the unified countywide beach regulations are repealed or amended to return jurisdiction to the municipalities within whose boundaries those beaches are contained.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 36, Ch. 85-55, Laws of Florida.
[2] Sections 2 and 3, Ch. 89-445, Laws of Florida.
[3] See, s. 161.58(2), Fla. Stat.
[4] See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).