Ms. Yvonne Ginsberg, Chairperson Statewide Human Rights Advocacy Committee Building E, Room 121 1317 Winewood Boulevard Tallahassee, Florida 32399
Dear Ms. Ginsberg:
You ask substantially the following question:
Do members of the Statewide Human Rights Advocacy Committee and District Human Rights Advocacy Committees have access to client files, records and reports of child protection teams?
In sum:
The Statewide Human Rights Advocacy Committee and District Human Rights Advocacy Committees may have access to client files, records and reports of child protection teams that have been disclosed to the Department of Health and Rehabilitative Services pursuant to section 415.5055(3), Florida Statutes. However, such committees have no greater right of access to the records of the child protection teams than that possessed by the department.
The Statewide Human Rights Advocacy Committee (SHRAC) is created within the Department of Health and Rehabilitative Services (HRS) to serve as "an independent third-party mechanism for protecting the constitutional and human rights of any client within a program or facility operated, funded, licensed, or regulated by the Department of Health and Rehabilitative Services."[1] In each service district of HRS, there is at least one district human rights advocacy committee (DHRAC) that serves as an extension of the SHRAC and acts in a similar capacity.[2]
Section 402.165(8)(a)2., Florida Statutes, authorizes SHRAC to have access to
all client records, files, and reports from any program, service, or facility that is operated, funded, licensed, or regulated by the Department of Health and Rehabilitative Services and any records which are material to its investigation and which are in the custody of any other agency or department of government.
The DHRAC's are granted the same access under section 402.166(8), Florida Statutes.
Pursuant to section 415.505, Florida Statutes, HRS must be capable of receiving and investigating reports of known or suspected child abuse, abandonment, or neglect at all times. As a part of this responsibility, section 415.5055, Florida Statutes, requires HRS to "develop, maintain, and coordinate the services of one or more multidisciplinary child protection teams in each of the service districts of the department." These teams are composed of representatives of appropriate health, mental health, social service, legal service, and law enforcement agencies, whose roles are "to support activities of the program and to provide services deemed by the teams to be necessary and appropriate to abused and neglected children upon referral."[3] Section 415.5055(1), Florida Statutes, sets forth the services a child protection team must be capable of providing.[4]
Section 415.5055(3), Florida Statutes, provides:
All records and reports of the child protection team are confidential and exempt from the provisions of ss. 119.07(1) and 455.241, and shall not be disclosed, except, upon request, to the state attorney, law enforcement, the department, and necessary professionals, in furtherance of the treatment or additional evaluative needs of the child or by order of the court.
Thus, the statute specifies those individuals or entities that may have access to records of child protection teams and under what circumstances such records may be disclosed. Where the Legislature provides exemptions from the operation of a statute, no others may be inferred.[5] There is no indication in section 415.5055, Florida Statutes, that the confidential records of child protection teams or their component members were to be accessible by anyone other than those enumerated therein.
The SHRAC and DHRAC are not included in the list of persons or entities who are granted access to records and reports of child protection teams pursuant to section 415.5055(3), Florida Statutes. Moreover, there is nothing in the statute that would indicate that the SHRAC and DHRAC have a greater right of access to records than is possessed by HRS. However, records or files of the child protection teams that have been disclosed to HRS would be accessible to the SHRAC and DHRAC.
Accordingly, it is my opinion that the Statewide Human Rights Advocacy Committee and the District Human Rights Advocacy Committees may have access to client files, records and reports of child protection teams that have been disclosed to the Department of Health and Rehabilitative Services pursuant to section 415.5055(3), Florida Statutes, but they do not possess a greater right of access to the records of the child protection teams than that possessed by the department.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 402.165(1) and (7)(a), Fla. Stat. (1995).
[2] See, s. 402.166(1) and (7)(a), Fla. Stat. (1995).
[3] Section 415.5055(1), Fla. Stat. (1995).
[4] These services include, but are not limited to, the following:
(a) Medical diagnosis and evaluation service . . .
(b) Telephone consultation services in emergencies and other situations.
(c) Medical evaluation related to abuse or neglect. . . .
(d) [P]sychological and psychiatric diagnosis and evaluation services. . . .
(e) Short-term psychological treatment. . . .
(f) Expert medical, psychological, and related professional testimony in court cases.
(g) Case staffings to develop, implement, and monitor treatment plans for children whose cases have been referred to the team. . . .
(h) Case service coordination and assistance. . . .
(I) [T]raining services for program and other department employees . . . .
(j) Educational and community awareness campaigns on child abuse and neglect . . . .
[5] See, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952) (where a statute sets forth exceptions, no others may be implied to be intended).