The Honorable Frank T. Brogan Commissioner of Education 325 West Gaines Street Tallahassee, Florida 32399-0400
Dear Commissioner Brogan:
You have asked for my opinion on substantially the following question:
Do the provisions of section 237.161, Florida Statutes, apply to a lease agreement entered into by a school board for periods of more than one year for furnishing equipment to be used in the public school system?
In sum:
The provisions of section 237.161, Florida Statutes, do not apply to lease agreements entered into by school boards for the lease of equipment to be used in the public school system.
Your question has arisen in light of language in Attorney General's Opinion 63-53, in which one of my predecessors in office stated that the limitations set forth in section 237.27, Florida Statutes (1963), which is now section 237.161, Florida Statutes, would "be . . . applicable to any other form of obligation incurred, including leases of property." Thus, that opinion concluded that "county boards of public instruction may enter into lease agreements for furnishing nonconsumable equipment for any reasonable number of years, provided, however, that the lease must be conditioned on the right of the board to terminate the lease at the end of each fiscal year."
School districts may incur indebtedness for school purposes only as provided by statute. Section 237.141, Florida Statutes, sets forth the purposes of and procedures for incurring such indebtedness as follows:
"(1) School districts may issue bonds creating a long-term indebtedness as prescribed by law.
(2) Notes may be issued for money borrowed in anticipation of the receipt of current school funds, included in the budget from the state, county, or districts, as authorized under s. 237.151.
(3) Indebtedness may be incurred for certain purposes asauthorized under s. 237.161, s. 237.162, or s. 237.171.
(4) Bonds or revenue certificates issued on behalf of the district by the State Board of Education as authorized by s. 18, Art. XII of the State Constitution of 1885 as adopted by s. 9(d) of Art. XII, 1968 revised constitution, and the additional provisions of s. 9(d)." (e.s.)
Information included with your request suggests that a district school board may possess home rule powers in this area. This office has recognized that a school district, acting pursuant to section 230.03(2), Florida Statutes, may exercise any power for school purposes in the operation, control, and supervision of the free public schools in its district unless expressly prohibited by the State Constitution or general law.[1] However, the Legislature has clearly limited the exercise of any powers of school districts to incur indebtedness to those specifically authorized by statute.
Section 237.161, Florida Statutes, provides:
"The school board of any district is authorized only under the following conditions to create obligations by way of anticipation of budgeted revenues accruing on a current basis without pledging the credit of the district or requiring future levy of taxes for certain purposes for a period of 1 year; however, such obligations may be extended from year to year with the consent of the lender for a period not to exceed 4 years . . . :
(1) PURPOSES. — The purposes for which such obligations may be incurred within the intent of this section shall include only the purchase of school buses, land, and equipment for educational purposes; the erection of, alteration to, or addition to educational facilities; and the adjustment of insurance on educational property on a 5-year plan, as provided by rules of the state board."
Section 237.161, Florida Statutes, authorizes a school board to create certain obligations for a period of one year. The obligations are to be created by way of anticipation of budgeted revenues accruing on a current basis. Such obligations may not be incurred if they involve pledging the credit of the district or require the future levy of taxes for payment.[2]
Thus, the provisions of section 237.161, Florida Statutes, provide a method by which school districts can create short-term obligations for certain purposes without pledging the credit of the district or requiring a tax levy for payment. The purposes for which these obligations may be incurred are limited: (1) the purchase of school buses, land, and equipment for educational purposes; (2) the erection of, alteration to, or addition to educational facilities; and (3) the adjustment of insurance on educational property. You have specifically asked whether a lease of equipment would be included within the scope of this provision. For the following reasons, it is my opinion that a lease for equipment would not come within the scope of section 237.161, Florida Statutes.
Section 237.161(1) specifically authorizes school districts to create obligations under that section "only [for] the purchase . . . of equipment for educational purposes[.]" (e.s.) It is a well-recognized principle of statutory construction that the specific mention of one thing in a statute implies the exclusion of others. Thus, when a statute enumerates the things upon which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned.[3] Further, the word "only" is a word of limitation.[4] Thus, the authorized purposes expressed in section 237.161, Florida Statutes, should not be read expansively but those enumerated should be seen to constitute the entire extent of the purposes for which this section may be used.
The purchase of equipment may be distinguished from the lease of such equipment and these activities are treated separately in the statutes. Section 230.23(10)(i), Florida Statutes (1996 Supp.), generally authorizes school boards to contract for materials, supplies and services that may be needed by the district school system. This authority would appear to apply to both purchase contracts and lease agreements. The authority to purchase or lease real and personal property is set forth in various other statutory sections, including section 230.33(4)(a) and section 235.056, providing for the lease of educational facilities and sites.
Further, the word "purchase" is commonly understood[5] to mean: "to obtain by paying money or its equivalent: BUY."[6] A "lease," however, is "a contract by which one conveys real estate, equipment, or facilities for a specified term and for a specified rent[.]"[7] Thus, "purchase" implies the ownership of something while "lease" may be understood to mean the temporary possession thereof.
In light of these rules of statutory construction and their application, it is my opinion that the lease of equipment by a school board for educational purposes is not within the scope of section 237.161(1), Florida Statutes. To the extent that this conclusion may be in conflict with Attorney General's Opinion 63-53, this opinion should control.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Op. Att'y Gen. Fla. 93-34 (1993) and 83-72 (1983).
[2] See also, Op. Att'y Gen. Fla. 72-240 (1972) concluding that obligations created by school districts by way or anticipation of budgeted revenues accruing on a current basis without pledging the credit of the school district or requiring the future levy of taxes and payable within one year, do not constitute debts of the school district for which payments are to be made as required debt service under ss. 236.25 and 236.251, Fla. Stat. (1971). Such obligations incurred under s. 237.27, Fla. Stat., (now s. 237.161, Fla. Stat.), must therefore be paid out of current budgeted revenues by the school district with funds received from ad valorem taxation within the constitutionally imposed ten mill limitation.
[3] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbsv. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Ideal FarmsDrainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944).
[4] See, The American Heritage Dictionary 480 (office edition 1983), defining "only" as "[n]o more than; at least; just."
[5] See, e.g., Pedersen v. Green, 105 So.2d 1, 4 (Fla. 1958) (Words of common usage, when used in a statute, should be construed in their plain and ordinary sense).
[6] Webster's New Collegiate Dictionary 936 (1975); The American Heritage Dictionary 558 (office edition 1983) .
[7] Webster's New Collegiate Dictionary 654 (1975); The American Heritage Dictionary 391 (office edition 1983).