Mr. Garth C. Coller Hernando County Attorney 20 North Main Street, Suite 462 Brooksville, Florida 34601
Dear Mr. Coller:
On behalf of the Board of County Commissioners for Hernando County, you ask substantially the following question:
May a board of county commissioners on its own motion vacate easements or rights-of-way that are dedicated by plat to the public?
You state that this question has arisen as a result of the application of one lot owner in a subdivision asking the county to vacate a portion of a dedicated easement at the rear of the owner's property. The easement also burdens twenty other lot owners and the vacation of a portion of the easement would render the remainder useless for any public purpose. The county wishes to vacate the remaining portion of the dedicated easement on its own motion.
As previously observed by this office, the power of a county or municipality to vacate property dedicated to a public use is controlled by statute.[1] Part One, Chapter 177, Florida Statutes, establishes consistent minimum requirements to regulate and control the platting of land.[2] Section 177.081, Florida Statutes, requires every plat filed for recording to contain a dedication by the owner or owners of record, as well as mortgagees having a record interest in the lands subdivided.[3] Subsection (3) of the statute provides:
"When a tract or parcel of land has been subdivided and a plat thereof bearing the dedication executed by the owners of record and mortgagees having a record interest in the lands subdivided, and when the approvalof the governing body has been secured and recorded in compliance withthis part, all streets, alleys, easements, rights-of-way, and publicareas shown on such plat, unless otherwise stated, shall be deemed tohave been dedicated to the public for the uses and purposes thereonstated. However, nothing herein shall be construed as creating an obligation upon any governing body to perform any act of construction or maintenance within such dedicated areas except when the obligation is voluntarily assumed by the governing body."[4] (e.s.)
There are several instances in which a plat may be vacated or annulled.[5] Pertinent to your inquiry, section 177.101(3), Florida Statutes, states:
"The governing bodies of the counties of the state may adopt resolutions vacating plats in whole or in part of subdivisions in said counties, returning the property covered by such plats either in whole or in part into acreage. Before such resolution of vacating any plat either in wholeor in part shall be entered by the governing body of a county, it must beshown that the persons making application for said vacation own the feesimple title to the whole or that part of the tract covered by the platsought to be vacated, and it must be further shown that the vacation by the governing body of the county will not affect the ownership or right of convenient access of persons owning other parts of the subdivision." (e.s.)
This office has interpreted section 177.101(3), Florida Statutes, as requiring an application by a fee simple title owner before the county governing body may vacate a plat.[6] While Part I, Chapter 177, Florida Statutes, provides the minimum requirements for platting property and recognizes that governing bodies may impose additional regulations and provisions by local ordinance, laws, or regulations, there is nothing in the statute that allows a county to circumvent the requirements of the statute when it is vacating property that has been dedicated in a plat.[7] The Legislature has provided the manner in which dedicated property is included in platted property and the manner in which a governing body may vacate property that has been dedicated for a public purpose in a plat. Where the Legislature has prescribed the manner in which something is to be done, it operates as a prohibition against its being done in any other manner.[8]
Accordingly, it is my opinion that pursuant to section 177.101(3), Florida Statutes, a county on its own motion may not vacate easements or rights-of-way that are dedicated by plat for a public purpose, but must act upon the application of fee simple title landowners of the whole or that part of the tract covered by the plat sought to be vacated.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] See Op. Att'y. Gen Fla. 83-51 (1983), citing 26 C.J.S. Dedication
s. 60(b) (statutory dedication by plat can be withdrawn only by vacation of the plat in accordance with provisions of the statutes).
[2] Section 177.011, Fla. Stat.
[3] Section 177.081(2), Fla. Stat.
[4] Section 177.081(3), Fla. Stat.
[5] See s. 177.101(1) and (2), Fla. Stat.
[6] Op. Att'y Gen. Fla. 83-51 (1983).
[7] Cf., s. 336.09, Fla. Stat., authorizing county commissioners, on their own motion, to vacate or close any public or private street, alleyway, road, highway, or other place used for travel. See, also Op. Att'y Gen Fla. 87-20 (1987) (county commission authorized to adopt a ordinance containing conditions for vacation of all or portions of subdivisions and protections for affected persons by the board on its own initiative sufficiently distinguishable to avoid inconsistency with the terms of section 177.101, Fla. Stat.).
[8] See Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Dobbs v.Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); and Thayer v.State,335 So.2d 815, 817 (Fla. 1976).