Dear Mr. Johnston:
As counsel to the Board of Directors of Village Community Development District Number 4 in Marion County, you have asked for my opinion on substantially the following question:
Is a community development district, established pursuant to section190.005(2), Florida Statutes, authorized to levy a special assessment for the costs of repair and maintenance of district projects on property located outside the boundaries of the district when such property benefits from district projects?
According to your letter, Community Development District Number 4 (the district) was created pursuant to section 190.005(2), Florida Statutes, by Marion County in March 2000. The district questions whether it is authorized to levy a special assessment for repair and maintenance costs of a district stormwater pond on owners of commercial properties that are located outside the boundaries of the district in unincorporated Marion County. You advise that the commercial properties utilize the stormwater pond for stormwater runoff.
Chapter 190, Florida Statutes, is the "Uniform Community Development District Act of 1980."[1] In adopting the act, the Legislature determined that there was a need for uniform procedures in state law to authorize the establishment of community development districts to provide for the planning, management and financing of capital infrastructure.[2] Chapter 190 reflects the State's concern for community infrastructure and is intended to provide a method to deal with projected population growth while minimizing the financial and administrative burden on existing general purpose local governments.[3]
Section 190.011, Florida Statutes, sets forth the general corporate powers that community development districts may exercise, including the authority to contract, apply for retirement coverage for employees, borrow money and adopt administrative rules for the district. Section190.012, Florida Statutes, makes provision for special powers of these districts. Section 190.012(1), Florida Statutes, recognizes that a community development district may finance, establish, construct, equip, operate and maintain systems and facilities for basic infrastructure of the district. These systems and facilities may include water management and control facilities, water supply, sewer, and wastewater management systems, bridges or culverts within the district, and district roads.[4]
Section 190.021, Florida Statutes, establishes a procedure for levying and collecting special assessments by the board of a community development district. Subsection (2) of the statute provides for benefit special assessments. These assessments may be levied "for bonds issued and related expenses to finance district facilities and projects which are levied under this act." Assessments levied under this subsection may be collected by the property appraiser in the same manner as county taxes. However, the statute also recognizes the authority of the district to use other methods for collecting and enforcing these assessments. Benefit special assessments constitute a lien on the property against which they are assessed until they are paid and are enforceable in the same manner as county taxes. The statute also sets forth the criteria for determining the amount of the assessment:
"The amount of the assessment for the exercise of the district's powers under ss. 190.011 and 190.012 shall be determined by the board based upon a report of the district's engineer and assessed by the board upon such lands, which may be part or all of the lands within thedistrict benefited by the improvement, apportioned between benefited lands in proportion to the benefits received by each tract of land." (e.s.)
Thus, the assessment is based on a determination of the amount of benefit received by property within the district from district projects. Nothing in this formula includes in the assessment procedure lands outside the district and any benefit conferred on those lands.
It is the rule that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.[5] Thus, when the Legislature prescribes the method of accomplishing some task, that method must be observed. When the controlling law directs how a thing must be done, that is, in effect, a prohibition against its being done in any other way.[6] The levy and collection of special assessments by community development districts is authorized by sections 190.021 and 190.022, Florida Statutes. Nothing in these statutes authorizes a community development district to levy assessments against property located outside the boundaries of the district.
Therefore, it is my opinion that Village Community Development District Number 4 is not authorized to levy a special assessment for the costs of repair and maintenance of district projects on property located outside the boundaries of the district.
[1] See s. 190.001, Fla. Stat., providing the short title of the act.
[2] Section 190.002(1)(a), Fla. Stat.
[3] Section 190.002(1)(a), Fla. Stat., and see State v. Frontier AcresCommunity Development District Pasco County, Florida, 472 So. 2d 455
(Fla. 1985).
[4] Section 190.012(1)(a) — (e), Fla. Stat.
[5] Alsop v. Pierce, 19 So. 2d 799, 805-806 (Fla. 1944); Dobbs v. SeaIsle Hotel, 56 So. 2d 341, 342 (Fla. 1952); Thayer v. State,335 So. 2d 815, 817 (Fla. 1976).
[6] Alsop v. Pierce, supra.