Dear Chief Perry:
You have asked substantially the following question:
Under what conditions must a police department provide a victim's rights brochure to the victim of a crime?
Section 960.001(1), Florida Statutes, directs:
"The Department of Legal Affairs, the state attorneys, the Department of Corrections, the Department of Juvenile Justice, the Parole Commission, the State Courts Administrator and circuit court administrators, the Department of Law Enforcement, and every sheriff's department, police department, or other law enforcement agency as defined in s. 943.10(4) shall develop and implement guidelines for theuse of their respective agencies, which guidelines are consistent withthe purposes of this act and s. 16(b), Art. I of the State Constitution and are designed to implement the provisions of s. 16(b), Art. I of the State Constitution and to achieve the following objectives:
(a) Information concerning services available to victims of adult and juvenile crime. As provided in s. 27.0065, state attorneys and public defenders shall gather information regarding the following services in the geographic boundaries of their respective circuits and shall provide such information to each law enforcement agency within such geographic boundaries. Law enforcement personnel shall ensure, through distributionof a victim's rights information card or brochure at the crime scene,during the criminal investigation, and in any other appropriate manner,that victims are given, as a matter of course at the earliest possibletime, information about:
1. The availability of crime victim compensation, when applicable;
2. Crisis intervention services, supportive or bereavement counseling, social service support referrals, and community-based victim treatment programs;
3. The role of the victim in the criminal or juvenile justice process, including what the victim may expect from the system as well as what the system expects from the victim;
4. The stages in the criminal or juvenile justice process which are of significance to the victim and the manner in which information about such stages can be obtained;
5. The right of a victim, who is not incarcerated, including the victims' parent or guardian if the victim is a minor, the lawful representative of the victim or of the victim's parent or guardian if the victim is a minor, and the next of kin of a homicide victim, to be informed, to be present, and to be heard when relevant, at all crucial stages of a criminal or juvenile proceeding, to the extent that this right does not interfere with constitutional rights of the accused, as provided by s. 16(b), Art. I of the State Constitution;
6. In the case of incarcerated victims, the right to be informed and to submit written statements at all crucial stages of the criminal proceedings, parole proceedings, or juvenile proceedings; and
7. The right of a victim to a prompt and timely disposition of the case in order to minimize the period during which the victim must endure the responsibilities and stress involved to the extent that this right does not interfere with the constitutional rights of the accused."[1]
(e.s.)
Certain information must be collected for purposes of notifying a victim or the next of kin or other designated contact through the completion of a victim notification card in cases involving homicide (pursuant to Chapter 782, Florida Statutes), a sexual offense (pursuant to Chapter 794, Florida Statutes), an attempted murder or sexual offense (pursuant to Chapter 777, Florida Statutes), stalking (pursuant to section 784.048, Florida Statutes), or domestic violence (pursuant to section 25.385, Florida Statutes).[2]
A victim or witness is required to be furnished with information on steps available to law enforcement officers and state attorneys to protect victims and witnesses from intimidation.[3] Victims must also receive advance notification of judicial and post judicial proceedings relating to his or her case.[4] Relative to your inquiry, section 960.011(1)(m), Florida Statutes, states:
"Victim's rights information card or brochure. — A victim of a crime shall be provided with a victim's rights information card or brochure containing essential information concerning the rights of a victim and services available to a victim as required by state law."
Neither the term "victim" nor "crime" is defined for purposes of section 960.011(1)(m), Florida Statutes, such that the distribution of victim's rights information cards or brochures would be limited to a certain classification of victims or crimes.[5] You have posed a situation in which a property crime such as petit theft of a pair of sunglasses has been committed and the victim is not injured physically or psychologically. Nothing in Chapter 960, Florida Statutes, however, limits the requirement of providing a victim's rights information card to the victim of a crime due to the nature of the crime.
In Attorney General Opinion 95-36, this office was asked whether the publication of victim's rights information in the front of a county-wide distributed telephone directory would satisfy the notification requirements in Chapter 960, Florida Statutes. While the opinion commended the innovative means of distributing the information to the public, it was noted that section 960.001(1)(a), Florida Statutes, clearly contemplates the preparation of a card or brochure containing information regarding victims' rights and available services to be distributed at the crime scene and during the investigation. Citing the general rule of statutory construction that where the Legislature has prescribed the mode, that mode must be observed, [6] this office concluded that the inclusion of victim's rights information in the local telephone directory would not comply with the requirements of the statute.
In light of the unambiguous language in section 960.001, Florida Statutes, it is my opinion that a victim's rights information card or brochure must be distributed to the victim of a crime without regard to the nature of the crime. This office has been advised that such cards or brochures may be as simple as a tri-folded sheet of paper printed in black and white, as long as it includes the necessary information concerning the rights of a victim and the services available to a victim.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] Section 960.001(1)(a), Fla. Stat.
[2] Section 960.001(1)(b), Fla. Stat.
[3] Section 960.001(1)(c), Fla. Stat.
[4] Section 960.001(1)(e), Fla. Stat.
[5] Cf. s. 960.03(14), Fla. Stat., defining "[v]ictim" and s.960.03(3), Fla. Stat., defining "[c]rime" for purposes of ss.960.01-960.28, Fla. Stat., the "Florida Crimes Compensation Act."
[6] See Alsop v. Pierce, 19 So. 2d 799, 805-806 (Fla. 1944) (when the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way); Dobbs v. Sea IsleHotel, 56 So. 2d 341, 342 (Fla. 1952); Thayer v. State, 335 So. 2d 815,817 (Fla. 1976).